**The STATE of Texas**

**v.**

**Clara HILTON et al.**

**No. A–11715.**

Supreme Court of Texas.

March 1, 1967.

Crawford C. Martin, Atty. Gen., Watson Arnold, Asst. Atty. Gen., Austin, for petitioner.

Frank B. McGregor, Waco, for respondents.

STEAKLEY, Justice.

In this eminent domain proceeding the State has condemned certain property consisting of 19.07 acres of land and a drainage easement over .46 acres of land; compensation to the Respondent landowners for a resulting land locked tract of .29 acres is also involved. The property is out of an original 66.445 acres tract owned by Respondents and it was stipulated that payment with respect to the .29 acres and the .46 acres would be as if taken in fee simple. The property lies approximately one-half mile east of the city limits of Itasca, Texas. It is divided by Farm Road 66 into a north tract of 29.575 acres and a south tract of 36.87 acres. The property was required in connection with the construction of Interstate Highway 35 which runs north and south and intersects Farm Road 66. The board of special commissioners awarded $6,-000 as the value of the land taken and $6,000 as severance damages to the remainder. The State appealed. Judgment was entered by the trial court on a jury verdict awarding Respondents $7,928 for the land taken and $6,993.75 as severance damages, or a total of $14,921.75. Upon appeal by the State the court of civil appeals recognized that the trial court erred in certain respects but held that such errors were not reversibly harmful under Rule 434, Texas Rules of Civil Procedure. State v. Hilton, Tex.Civ.App., 405 S.W.2d 715. We granted the State's application for writ of error principally to review the holding of the court of civil appeals that the error of the trial court in denying the State the right of cross-examination of Respondents' witness, Ira Beard,

in respects later noted, was harmless error. We hold that such constituted reversible error.

Ira Beard, the witness in question, was a member of the board of special commissioners appointed to determine the amount of compensation to be awarded Respondents. He, together with the other two commissioners, signed the $12,000 award under oath. The award attributed to the property in question a market value of approximately $300 an acre. As a witness for Respondents upon the trial, however, the witness Beard testified that the Hilton farm before the taking was worth "$500 or $600 an acre" and as to the remainder he testified, "Well, the way it looks right now, it looks to me like it reduced it right smart down to $175 or $200 an acre."[1] Under this testimony the minimum value of the part taken would be $9,910, the maximum value $11,892; the minimum decrease in the value of the remainder would be $13,-987.50, the maximum decrease $19,815.62; the total minimum damages would be $23,-897.50, and the total maximum damages would be $31,707.62. Generally, of course, the award of the board of special commissioners is inadmissible. See Dueitt v. Harris County, 249 S.W.2d 636 (Tex.Civ.App.—Galveston 1952, writ ref'd); Schwab v. County of Bexar, 366 S.W.2d 952 (Tex.Civ. App.—San Antonio 1963, writ ref'd n. r. e.); 22 Tex.Jur.2d, Eminent Domain, § 303, p. 428. Here, however, there was an obvious inconsistency between the award of the special commissioners and Beard's trial testimony, notwithstanding which the trial court denied the State the right to cross-examine him in such respects. C. R. Youngblood, the value witness for the State, testified that the value of the property taken was $5,705 and the decrease in the value of the remainder was $380. The jury findings

were that the part taken had a value of $7,928 and that the decrease in value of the remainder was $6,993.75, an approximate mean between the testimony of Beard and Youngblood. A similar problem was presented in City of Dallas v. Holcomb, 381 S.W.2d 347 (Tex.Civ.App.—Dallas 1964, writ ref'd n. r. e.), 383 S.W.2d 585 (Tex. Sup.1964). In our Per Curiam opinion refusing the application for writ of error with the notation, no reversible error, we expressly approved the holding of the court of civil appeals that the trial court erred in refusing full cross-examination of a trial witness for the condemnee concerning the award of the board of special commissioners of which he was a member, the award representing a substantially lower property value than that to which he testified in the trial. On motion for rehearing (381 S.W. 2d 352), the court of civil appeals had concluded that the error in denying such right of cross-examination was harmless under Rule 434, the court pointing to the fact that the testimony of the witness in question was supported by the testimony of seven disinterested and legally qualified witnesses whose testimony would have easily justified a verdict of more than the total damages found by the jury and whose testimony would not have been affected by the complete obliteration of the testimony of the witness in question.

In the instant case, however, we are not in accord with the harmless error holding of the court of civil appeals. The record convincingly establishes that the witness Beard was the real supporting witness for the Respondents. His credentials were impressive in the facts of his disinterest and life-long residency in Itasca, together with his dealings in real estate in the area for many years. He testified with authority and in direct terms. The ruling of the trial

---

1. Respondents argue that the witness Beard stated in an affidavit supporting their answer to the State's amended motion for new trial that he was of the same value opinion as a special commissioner as that testified at trial but that the other two commissioners finally "beat him down" since he was of the opinion that all of the commissioners had to sign the award. The saving effect of a similar showing was denied in *Holcomb*, infra.

 

court prevented any challenge to his trial testimony based on the award of the special commissioners. Cf. State v. Willey, 360 S. W.2d 524 (Tex.Sup.1962). There were two other witnesses offered by Respondents whose testimony was generally supportive of that of Beard, but one was the husband and son-in-law of the two landowners, and hence interested, while the testimony of the other was characterized by mistakes, retractions and internal inconsistencies. We conclude from a consideration of the factors which were necessarily involved in the consideration of the evidence by the jury, and from an examination of the record as a whole, that but for the error in depriving the State of the right of cross-examination of the witness Beard with respect to the award of the commissioners which he signed and to which he swore, a different verdict would probably have been reached. Cf. Pittman v. Baladez, 158 Tex. 372, 312 S.W.2d 210 (1958) and Texas Power & Light Co. v. Hering, 148 Tex. 350, 224 S.W.2d 191 (1949).

We will pretermit discussion of the other rulings of the trial court held to be error by the court of civil appeals, but harmless under Rule 434, since these errors cannot be expected to occur upon another trial.

The judgments below are reversed and the cause is remanded to the trial court.