

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-08-00027-CV
_____

LINDA GALE HURLEY, Appellant

V.

WOOD COUNTY ELECTRIC COOPERATIVE, INC., Appellee

On Appeal from the 402nd Judicial District Court
Wood County, Texas
Trial Court No. 2006-855

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Linda Gale Hurley, appearing pro se,[1] brings this appeal from a condemnation proceeding brought by Wood County Electric Cooperative (WCEC). WCEC filed a petition to condemn approximately 2.68 acres of Hurley's property to establish a 100-foot-wide easement for the erection of a transmission line. The trial court appointed special commissioners to assess damages; the damages were assessed at $4,352.00.[2] Hurley, who was represented by counsel in the trial court, filed objections to the special commissioners' award, and a trial on the merits was held. The trial court awarded Hurley $4,200.00 in damages. Hurley raises nine issues on appeal. Hurley's complaints are inadequately briefed and could be overruled as such. *See* TEX. R. APP. P. 38.1; *Phippen v. Deere & Co.*, 965 S.W.2d 713, 716 (Tex. App.—Texarkana 1998, no pet.). In the interest of justice, we will attempt to address Hurley's complaints.

Hurley contends she was denied her right of being represented by an attorney of her own choice. In her brief, Hurley "objects to Plaintiff's statement that 'Linda Gale Hurley appeared in

---

[1]The law is well settled that "[a] party proceeding pro se must comply with all applicable procedural rules" and is held to the same standards as a licensed attorney. *Weaver v. E-Z Mart Stores, Inc.*, 942 S.W.2d 167, 169 (Tex. App.—Texarkana 1997, no pet.). "On appeal, as at trial, the pro se appellant must properly present its case." *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 678 (Tex. App.—Dallas 2004, pet. denied). We review and evaluate pro se pleadings with liberality and patience, but otherwise apply the same standards applicable to pleadings drafted by lawyers. *Foster v. Williams*, 74 S.W.3d 200, 202 n.1 (Tex. App.—Texarkana 2002, pet. denied).

[2]We note the award of the board of special commissioners is normally inadmissible. *PR Invs. & Specialty Retailers, Inc. v. State*, 251 S.W.3d 472, 476 (Tex. 2008); *State v. Hilton*, 412 S.W.2d 41, 42 (Tex. 1967). Since we do not have a reporter's record, it is not clear whether the award was introduced into evidence—much less whether the evidence was objected to.

2

person through Attorney of Record.'" Hurley references her motion for new trial,[3] which states the attorney who represented her at trial, Randy Taylor, took "it upon himself to begin the Wood County Electric Cooperative trial without Defendant's authority." Hurley claims she had retained Mark Falcon, who filed the original answer in this case, to represent her. In her motion for new trial, Hurley alleges that Falcon and Taylor, who shared office space, had a dispute about who represented her.[4] Hurley states she had not communicated with Taylor in a number of years and had instructed Falcon that he was the attorney in charge. According to the motion for new trial, Hurley did not receive notice of the trial setting and was not personally present until after WCEC had presented its case. The docket sheet indicates that Hurley was not personally present at the start of the trial but that she did testify during the presentation of her case. The judgment states Hurley "appeared in person and through attorney of record."

There is no indication in the record that Hurley requested a hearing on either of her motions for new trial. No hearing was held on Hurley's motions for a new trial, and they were overruled by operation of law. When the motion for new trial requires presentation of evidence, a party must

---

[3]Hurley filed two motions for new trial, but does not distinguish between the motions in her brief. Our discussion references her motion titled "Motion for New Trial." Hurley's other motion for new trial, titled "Request New Trial On Motion Of Objection," repeats some of the allegations contained in the first motion and makes additional allegations which do not concern her claim that she was denied representation by counsel of her choice.

[4]The record shows a certificate of written discovery was filed October 12, 2007, noting both Taylor and Falcon as attorneys of record, at the same address and telephone number. Taylor filed a motion for continuance containing a certificate of conference which stated that Falcon contacted the opposing attorney, who agreed to a one-day continuance.

request a hearing on that motion in order to preserve error for appeal. *See* TEX. R. APP. P. 33.1(b) (overruling motion for new trial by operation of law does not preserve complaint that requires evidence to be taken); *Garcia v. Arbor Green Owners Ass'n*, 838 S.W.2d 800, 801 (Tex. App.—Houston [1st Dist.] 1992, writ denied). Because Hurley's complaint required the presentation of evidence and no hearing was requested or held, Hurley's complaint that she was denied representation of counsel by an attorney of her choice is not preserved for our review.

Hurley complains that the damages awarded are insufficient. According to Hurley, the property condemned is worth $200,000.00. When a defendant objects to findings of the special commissioners, a trial de novo is conducted in the trial court. *PR Invs. & Specialty Retailers, Inc.*, 251 S.W.3d at 476. The record on appeal, though, lacks a reporter's record.

If the record is incomplete and the appellant has not complied with Rule 34.6(c),[5] the appellate court must presume that the omitted evidence supports the judgment or order from which the appeal is taken. *In re Estate of Arrendell*, 213 S.W.3d 496, 503 (Tex. App.—Texarkana 2006, no pet.); *Hilton v. Hillman Distrib. Co.*, 12 S.W.3d 846, 848 (Tex. App.—Texarkana 2000, no pet.);

---

[5]We note the Texas Rules of Appellate Procedure now provide for the use of a partial record. *See* TEX. R. APP. P. 34.6(c). If Rule 34.6(c) is properly invoked, we must presume that the record is the entire record for purposes of reviewing stated issues, even if the issue complains of the insufficiency of evidence to support a specific finding. *See id.*; *Furr's Supermarkets, Inc. v. Bethune*, 53 S.W.3d 375, 380 (Tex. 2001). Hurley, though, failed to successfully traverse the rule. Under Rule 34.6(c)(1), "[i]f the appellant requests a partial reporter's record, the appellant must include in the request a statement of the points or issues to be presented on appeal and will then be limited to those points or issues." TEX. R. APP. P. 34.6(c)(1). The record in this case does not contain a statement of points.

*CMM Grain Co. v. Ozgunduz*, 991 S.W.2d 437, 439–40 (Tex. App.—Fort Worth 1999, no pet.); *see Bennett v. Cochran*, 96 S.W.3d 227, 230 (Tex. 2002); *Schafer v. Conner*, 813 S.W.2d 154, 155 (Tex. 1991). Because there is no reporter's record, we must presume the omitted portions of the record contain sufficient evidence to support the judgment. Hurley's issues concerning the sufficiency of the damage award are overruled.

In five of her issues, Hurley complains of decisions by the Texas Public Utility Commission (PUC). These complaints can be divided into two main categories: 1) complaints about the decisions made by the PUC, and 2) complaints that WCEC has deviated from the design and distance requirements approved by the PUC.

Hurley appears to be claiming the PUC erred in granting the certificate of convenience and necessity for the project in question. According to Hurley, the project "favors City of Dallas and places hardship on the member Linda Hurley." Hurley attached several incomplete and uncertified documents related to hearings on WCEC's application for a certificate of convenience and necessity for the Dallas Water Utilities 69/138kV Double Circuit Transmission Line Project in Wood County with PUC Docket 30254. Any appeal of the PUC's decision in that administrative hearing must have been sought in an appeal from the PUC's decision after exhausting administrative remedies. *See* TEX. GOV'T CODE ANN. § 2001.171 (Vernon 2000); *see also, e.g., Tex. Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 172 (Tex. 2004) (holding in absence of express statutory language prohibiting judicial review, person may obtain judicial review of

5

administrative action under Administrative Procedure Act if action adversely affects a vested property right or otherwise violates a constitutional right); *Dunn v. PUC*, 246 S.W.3d 788, 791 (Tex. App.—Austin 2008, no pet.) (appeal from decision of PUC). Hurley cannot collaterally attack a decision of the PUC in an appeal from a condemnation proceeding—particularly when the PUC has not even been made a party to the lawsuit. Error, if any, committed by the PUC is not before this Court in this appeal.

Hurley also argues WCEC has failed to follow the "required distance by the PUC" and has announced it does not intend to construct the facilities as described and approved by PUC Docket number 30254.[6] The allegation that WCEC has failed to follow the design approved by the PUC appears to be a challenge to the authority of WCEC's authority to exercise its power of eminent domain. The allegation that WCEC has failed to follow the required distance could be interpreted as either a challenge to the authority of WCEC to condemn the property or as a challenge to the sufficiency of the damages. Hurley argues that the 100-foot easement is insufficient given that the

---

[6]Hurley fails to provide any citation for the quotation used in her brief. Hurley may be referencing what appears to be a typographical error in the original petition in which WCEC states "and not intends to construct the facilities as described and approved by the PUC." No pleading defect was raised in the trial court or argued on appeal. We note that not all design deviations will deprive the trial court of jurisdiction in condemnation proceedings. *See State v. Brown*, No. 05-0236, 2008 Tex. LEXIS 756 (Tex. Aug. 29, 2008) (publication status pending). Further, the record, which lacks a reporter's record, contains no evidence that WCEC has deviated from the design approved by the PUC.

distance required for prudent avoidance[7] "is 300 feet or 500 feet." The record does not establish that the distance required for prudent avoidance in this case is 300 feet or more.[8] Further, Hurley does not cite any authority for the proposition that WCEC must obtain an easement identical to the distance required for prudent avoidance. To the extent this allegation is a challenge to the sufficiency of the damages, we must presume, due to a lack of a reporter's record, the evidence of damages is sufficient. To the extent Hurley challenges the authority of WCEC to condemn the property, Hurley conceded WCEC had authority to condemn the property in her original answer in the trial court.

Finally, Hurley argues WCEC failed to purchase her property through "negotiated agreement." We note that the condemning authority has the burden of pleading and proving that it was unable to reach an agreement with the landowner before initiating the condemnation proceeding. *See Hubenak v. San Jacinto Gas Transmission Co.*, 141 S.W.3d 172, 180–83 (Tex. 2004). The unable-to-agree requirement, however, is not jurisdictional. *Id.* at 184. WCEC pled that it was

---

[7]The rules of the PUC define "prudent avoidance" as the "limiting of exposures to electric and magnetic fields that can be avoided with reasonable investments of money and effort." 16 TEX. ADMIN. CODE ANN. § 25.101 (2008), *available at* http://info.sos.state.tx.us/pls/pub/readtac $ext.viewtac.

[8]Hurley has attached a letter from the PUC and other documents to her brief in an attempt to establish the distance required for prudent avoidance. We cannot consider documents, that are not part of the record, attached as appendices to briefs. *WorldPeace v. Comm'n for Lawyer Discipline*, 183 S.W.3d 451, 465 n.23 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). Without a reporter's record, we must presume the record supports the trial court's decision.

7

unable to reach an agreement with Hurley as to the amount of damages.  In the absence of a reporter's record, we must presume WCEC also proved it was unable to reach an agreement with Hurley.

For the reasons stated, we affirm the judgment of the trial court.


Jack Carter
Justice

Date Submitted:    September 18, 2008
Date Decided:    September 26, 2008