In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00100-CV


______________________________




IN THE MATTER OF THE MARRIAGE OF


SARAH CHRISTINA DURAN AND CHRISTOPHER

ISMAEL DURAN AND IN THE INTEREST OF

CHRISTOPHER ISMAEL DURAN, A CHILD




 


On Appeal from the 202nd Judicial District Court


Bowie County, Texas


Trial Court No. 07D1722-202




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Sarah Christina Duran, appellant, filed her notice of appeal September 17, 2008. The clerk's
record was due to be filed October 16, 2008.

 Duran has not filed a docketing statement with this Court, see Tex. R. App. P. 32, nor has she
paid a filing fee or made any claim of indigency. There is nothing in the record to indicate Duran
has made efforts to have the clerk's record filed or the reporter's record, if any, filed with this Court,
and she has not filed a brief. On November 19, 2008, we contacted Duran by letter, giving her an
opportunity to cure the various defects, and warning her that, if we did not receive an adequate
response within ten days, this appeal would be subject to dismissal for want of prosecution. See
Tex. R. App. P. 42.3(b), (c). 

 We have received no communication from Duran. Pursuant to Tex. R. App. P. 42.3(b), we
dismiss this appeal for want of prosecution. 




 Bailey C. Moseley

 Justice


Date Submitted: December 15, 2008

Date Decided: December 16, 2008



od County
Electric Cooperative trial without Defendant's authority." Hurley claims she had retained Mark
Falcon, who filed the original answer in this case, to represent her. In her motion for new trial,
Hurley alleges that Falcon and Taylor, who shared office space, had a dispute about who represented
her. (4) Hurley states she had not communicated with Taylor in a number of years and had instructed
Falcon that he was the attorney in charge. According to the motion for new trial, Hurley did not
receive notice of the trial setting and was not personally present until after WCEC had presented its
case. The docket sheet indicates that Hurley was not personally present at the start of the trial but
that she did testify during the presentation of her case. The judgment states Hurley "appeared in
person and through attorney of record." 

 There is no indication in the record that Hurley requested a hearing on either of her motions
for new trial. No hearing was held on Hurley's motions for a new trial, and they were overruled by
operation of law. When the motion for new trial requires presentation of evidence, a party must
request a hearing on that motion in order to preserve error for appeal. See Tex. R. App. P. 33.1(b)
(overruling motion for new trial by operation of law does not preserve complaint that requires
evidence to be taken); Garcia v. Arbor Green Owners Ass'n, 838 S.W.2d 800, 801 (Tex.
App.--Houston [1st Dist.] 1992, writ denied). Because Hurley's complaint required the presentation
of evidence and no hearing was requested or held, Hurley's complaint that she was denied
representation of counsel by an attorney of her choice is not preserved for our review. 

 Hurley complains that the damages awarded are insufficient. According to Hurley, the
property condemned is worth $200,000.00. When a defendant objects to findings of the special
commissioners, a trial de novo is conducted in the trial court. PR Invs. & Specialty Retailers, Inc.,
251 S.W.3d at 476. The record on appeal, though, lacks a reporter's record. 

 If the record is incomplete and the appellant has not complied with Rule 34.6(c), (5) the
appellate court must presume that the omitted evidence supports the judgment or order from which
the appeal is taken. In re Estate of Arrendell, 213 S.W.3d 496, 503 (Tex. App.--Texarkana 2006,
no pet.); Hilton v. Hillman Distrib. Co., 12 S.W.3d 846, 848 (Tex. App.--Texarkana 2000, no pet.);
CMM Grain Co. v. Ozgunduz, 991 S.W.2d 437, 439-40 (Tex. App.--Fort Worth 1999, no pet.); see
Bennett v. Cochran, 96 S.W.3d 227, 230 (Tex. 2002); Schafer v. Conner, 813 S.W.2d 154, 155 (Tex.
1991). Because there is no reporter's record, we must presume the omitted portions of the record
contain sufficient evidence to support the judgment. Hurley's issues concerning the sufficiency of
the damage award are overruled. 

 In five of her issues, Hurley complains of decisions by the Texas Public Utility Commission
(PUC). These complaints can be divided into two main categories: 1) complaints about the
decisions made by the PUC, and 2) complaints that WCEC has deviated from the design and distance
requirements approved by the PUC. 

 Hurley appears to be claiming the PUC erred in granting the certificate of convenience and
necessity for the project in question. According to Hurley, the project "favors City of Dallas and
places hardship on the member Linda Hurley." Hurley attached several incomplete and uncertified
documents related to hearings on WCEC's application for a certificate of convenience and necessity
for the Dallas Water Utilities 69/138kV Double Circuit Transmission Line Project in Wood County
with PUC Docket 30254. Any appeal of the PUC's decision in that administrative hearing must have
been sought in an appeal from the PUC's decision after exhausting administrative remedies. See
Tex. Gov't Code Ann. § 2001.171 (Vernon 2000); see also, e.g., Tex. Dep't of Protective &
Regulatory Servs. v. Mega Child Care, Inc., 145 S.W.3d 170, 172 (Tex. 2004) (holding in absence
of express statutory language prohibiting judicial review, person may obtain judicial review of
administrative action under Administrative Procedure Act if action adversely affects a vested
property right or otherwise violates a constitutional right); Dunn v. PUC, 246 S.W.3d 788, 791 (Tex.
App.--Austin 2008, no pet.) (appeal from decision of PUC). Hurley cannot collaterally attack a
decision of the PUC in an appeal from a condemnation proceeding--particularly when the PUC has
not even been made a party to the lawsuit. Error, if any, committed by the PUC is not before this
Court in this appeal.

 Hurley also argues WCEC has failed to follow the "required distance by the PUC" and has
announced it does not intend to construct the facilities as described and approved by PUC Docket
number 30254. (6) The allegation that WCEC has failed to follow the design approved by the PUC
appears to be a challenge to the authority of WCEC's authority to exercise its power of eminent
domain. The allegation that WCEC has failed to follow the required distance could be interpreted
as either a challenge to the authority of WCEC to condemn the property or as a challenge to the
sufficiency of the damages. Hurley argues that the 100-foot easement is insufficient given that the
distance required for prudent avoidance (7) "is 300 feet or 500 feet." The record does not establish that
the distance required for prudent avoidance in this case is 300 feet or more. (8) Further, Hurley does
not cite any authority for the proposition that WCEC must obtain an easement identical to the
distance required for prudent avoidance. To the extent this allegation is a challenge to the
sufficiency of the damages, we must presume, due to a lack of a reporter's record, the evidence of
damages is sufficient. To the extent Hurley challenges the authority of WCEC to condemn the
property, Hurley conceded WCEC had authority to condemn the property in her original answer in
the trial court.

 Finally, Hurley argues WCEC failed to purchase her property through "negotiated
agreement." We note that the condemning authority has the burden of pleading and proving that it
was unable to reach an agreement with the landowner before initiating the condemnation proceeding. 
See Hubenak v. San Jacinto Gas Transmission Co., 141 S.W.3d 172, 180-83 (Tex. 2004). The
unable-to-agree requirement, however, is not jurisdictional. Id. at 184. WCEC pled that it was
unable to reach an agreement with Hurley as to the amount of damages. In the absence of a reporter's
record, we must presume WCEC also proved it was unable to reach an agreement with Hurley. 

 For the reasons stated, we affirm the judgment of the trial court.






 Jack Carter

 Justice


Date Submitted: September 18, 2008

Date Decided: September 26, 2008

1. The law is well settled that "[a] party proceeding pro se must comply with all applicable
procedural rules" and is held to the same standards as a licensed attorney. Weaver v. E-Z Mart
Stores, Inc., 942 S.W.2d 167, 169 (Tex. App.--Texarkana 1997, no pet.). "On appeal, as at trial,
the pro se appellant must properly present its case." Strange v. Cont'l Cas. Co., 126 S.W.3d 676,
678 (Tex. App.--Dallas 2004, pet. denied). We review and evaluate pro se pleadings with liberality
and patience, but otherwise apply the same standards applicable to pleadings drafted by lawyers. 
Foster v. Williams, 74 S.W.3d 200, 202 n.1 (Tex. App.--Texarkana 2002, pet. denied). 
2. We note the award of the board of special commissioners is normally inadmissible. PR Invs.
& Specialty Retailers, Inc. v. State, 251 S.W.3d 472, 476 (Tex. 2008); State v. Hilton, 412 S.W.2d
41, 42 (Tex. 1967). Since we do not have a reporter's record, it is not clear whether the award was
introduced into evidence--much less whether the evidence was objected to.
3. Hurley filed two motions for new trial, but does not distinguish between the motions in her
brief. Our discussion references her motion titled "Motion for New Trial." Hurley's other motion
for new trial, titled "Request New Trial On Motion Of Objection," repeats some of the allegations
contained in the first motion and makes additional allegations which do not concern her claim that
she was denied representation by counsel of her choice. 
4. The record shows a certificate of written discovery was filed October 12, 2007, noting both
Taylor and Falcon as attorneys of record, at the same address and telephone number. Taylor filed
a motion for continuance containing a certificate of conference which stated that Falcon contacted
the opposing attorney, who agreed to a one-day continuance. 
5. We note the Texas Rules of Appellate Procedure now provide for the use of a partial record. 
See Tex. R. App. P. 34.6(c). If Rule 34.6(c) is properly invoked, we must presume that the record
is the entire record for purposes of reviewing stated issues, even if the issue complains of the
insufficiency of evidence to support a specific finding. See id.; Furr's Supermarkets, Inc. v. Bethune,
53 S.W.3d 375, 380 (Tex. 2001). Hurley, though, failed to successfully traverse the rule. Under
Rule 34.6(c)(1), "[i]f the appellant requests a partial reporter's record, the appellant must include in
the request a statement of the points or issues to be presented on appeal and will then be limited to
those points or issues." Tex. R. App. P. 34.6(c)(1). The record in this case does not contain a
statement of points. 
6. Hurley fails to provide any citation for the quotation used in her brief. Hurley may be
referencing what appears to be a typographical error in the original petition in which WCEC states
"and not intends to construct the facilities as described and approved by the PUC." No pleading
defect was raised in the trial court or argued on appeal. We note that not all design deviations will
deprive the trial court of jurisdiction in condemnation proceedings. See State v. Brown,
No. 05-0236, 2008 Tex. LEXIS 756 (Tex. Aug. 29, 2008) (publication status pending). Further, the
record, which lacks a reporter's record, contains no evidence that WCEC has deviated from the
design approved by the PUC.
7. The rules of the PUC define "prudent avoidance" as the "limiting of exposures to electric
and magnetic fields that can be avoided with reasonable investments of money and effort." 16 Tex.
Admin. Code Ann. § 25.101 (2008), available at http://info.sos.state.tx.us/pls/pub/readtac
$ext.viewtac.
8. Hurley has attached a letter from the PUC and other documents to her brief in an attempt
to establish the distance required for prudent avoidance. We cannot consider documents, that are
not part of the record, attached as appendices to briefs. WorldPeace v. Comm'n for Lawyer
Discipline, 183 S.W.3d 451, 465 n.23 (Tex. App.--Houston [14th Dist.] 2005, pet. denied). Without
a reporter's record, we must presume the record supports the trial court's decision.