

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00274-CV

———————————————

SIMONE BARRON, AS TRUSTEE OF THE 3001 DECATUR TRUST, AND
MERIE YAZBEK, Appellants

V.

FORT WORTH TRANSPORTATION AUTHORITY, Appellee

On Appeal from County Court at Law No. 3
Tarrant County, Texas
Trial Court No. 2016-006915-3

Before Kerr, Birdwell, and Wallach, JJ.
Memorandum Opinion by Justice Wallach

**MEMORANDUM OPINION**

This is an appeal from the granting of traditional summary judgment for Appellee Fort Worth Transportation Authority (the Authority) in an eminent domain case concerning certain real property (the Property) owned by Appellant 3001 Decatur Trust (the Trust) and acquired via a loan from Appellant Merie Yazbek. The trial court sustained the Authority's "Objections to [Appellants'] Untimely Summary Judgment Filings," striking Appellants' Summary Judgment Response, the affidavit of Appellants' expert Jason Jackson, and his appraisal report. The court then granted the Authority's Motion for Summary Judgment, establishing the fair market value of the Property at $432,000 and ordering the Authority to deposit that sum into the registry of the court within fourteen days. Based on the summary judgment, the trial court subsequently entered final judgment disposing of the Property and proceeds. From these orders and judgments Appellants appeal. We affirm.

## I. BACKGROUND
### A. The Property

The Authority filed this lawsuit to acquire the Property located at 3001 Decatur Avenue, Fort Worth, Texas through eminent domain. As required by Texas law in eminent domain cases, the trial court appointed three special commissioners, who held a hearing and determined that the Property's fair market value was $225,000. The Trust objected to the award through its counsel, Dawson & Sodd, LLP. After the Trust objected to the award, the Trustee filed two documents, pro se. The filing of

2

such documents "without [their] knowledge and against [their] advice and counsel" prompted Dawson & Sodd, LLP to withdraw from representing the Trust. The trial court allowed the withdrawal, signing the order July 24, 2017. The Trust retained new counsel within a week.

## B. The Parties' Expert Witnesses

Appellants' deadline to designate experts was January 2, 2018.[1] Appellants did not designate an expert by the deadline. After the deadline, the Authority filed a Motion for Summary Judgment based on the uncontroverted testimony of its expert witness, who opined that the Property's fair market value was $225,000.

On February 15, 2018, prior to the summary judgment hearing, the Trust served supplemental discovery responses and designated Clyde Crum to testify regarding the Property's value. Mr. Crum opined that the Property's fair market value was $432,000. The Authority did not move to strike Mr. Crum as untimely.[2]

---

[1]This case was governed by a Level 2 Discovery Control Plan. At that level, the discovery period concludes on the earlier of 30 days before the date set for trial or 9 months after the first deposition or due date of the first response to written discovery. Tex. R. Civ. P. 190.3. In this case, the original trial date was April 2, 2018. Accordingly, the discovery period concluded on March 2, 2018 (there were no depositions or discovery that warranted an earlier conclusion to the discovery period). Under the rule, experts must be disclosed 60 days before discovery concludes, Tex. R. Civ. P. 195.2(b), which was January 2, 2018.

[2]Although the Authority did not seek to strike Mr. Crum, it did move to exclude any testimony from the Trustee regarding the Property's fair market value. The trial court granted the motion.

On the same day that the Trust disclosed Mr. Crum, Yazbek filed a motion to recuse, seeking to have the trial judge removed from the case. In light of the motion, the summary judgment hearing was canceled. In accordance with Texas Rule of Civil Procedure 18a, the trial court took no further action in the case, and the motion to recuse was referred to the Presiding Judge of the Eighth Administrative Judicial Region. After a hearing, the motion to recuse was denied.

### C. Appellants' Delay of Trial—Removal to Federal Court

The trial court entered an order setting the case for trial on May 21, 2018. The order advised the parties that any undisclosed witnesses would not testify at trial without leave of court. Counsel entered an appearance for Yazbek. Appellants submitted their trial exhibit and witness lists, which did not identify Mr. Jackson as a witness. The trial court also entered an order on motions in limine, which limited the expert trial testimony to that of only those expert witnesses whose identities and opinions had been previously disclosed. Mr. Crum was the only expert disclosed by Appellants to testify on the Property's value.

As the prospective jurors prepared to enter the courtroom for voir dire on the scheduled trial date, the trial court called the case and asked the parties to announce ready for trial. The Trust's counsel informed the trial court that the Trustee had filed a pro se notice of removal to federal court without counsel's knowledge. The following day—fewer than 24 hours after the removal—the federal court sua sponte remanded the case back to state court.

## D. The Motion for Summary Judgment

The Authority then filed its Motion for Summary Judgment on June 4, 2018.[3] The Authority sought a judgment that would give Appellants precisely what they wanted—a finding that the Property's fair market value was $432,000, as determined by the Trust's previously disclosed expert, Mr. Crum. The Motion for Summary Judgment was set for hearing on June 29, 2018.[4]

## E. Appellants' Delay of the Summary Judgment Hearing

Before the hearing, the Trustee, acting pro se, filed a motion to recuse Judge Hrabal (the "Trustee's first motion to recuse").[5] The Trustee filed the motion without counsel's knowledge ("Evidently my client has gone behind my back and filed a Motion to Recuse . . . .").[6] Once again, in accordance with Texas Rule of Civil Procedure 18a, the trial court took no further action in the case, and the Trustee's first motion to recuse was referred to the presiding judge of the region and set for hearing.

---

[3]The Order on the Motion for Summary Judgment forms the basis of this appeal.

[4]Two weeks after the setting notice issued, the trial court granted Yazbek's attorney's motion to withdraw.

[5]The previous motion to recuse was filed by Appellant Yazbek, individually. In comparison, the Trustee's first motion to recuse, and the subsequent motions to recuse, were filed by the Trustee.

[6]Shortly thereafter, the Trust's counsel withdrew from representing the Trust. The Trustee consented to the withdrawal.

The hearing on the Motion for Summary Judgment was canceled.

Prior to the hearing on the Trustee's first motion to recuse, the Trustee filed an amended motion to recuse Judge Hrabal (the "Trustee's second motion to recuse").[7] The Trustee's second motion to recuse added new arguments for recusal, such as the trial court's decision to exclude the Trustee's valuation testimony and the alleged refusal to provide a Lebanese interpreter. The Trustee's second motion to recuse was denied.

## F. Appellants' Further Delay of the Summary Judgment Hearing

After resolution of the second motion to recuse, the Authority again set a hearing on its Motion for Summary Judgment, this time for September 14, 2018. Yazbek filed a motion for leave of court to file a motion for new appraisal and filed a motion for continuance claiming she needed time to hire a new attorney. The Trustee filed a motion for continuance of the summary judgment hearing because the Trust was not represented by counsel.[8] Appellants set their motions to be heard on

---

[7]When a party files an amended motion to recuse that adds a new theory in support of recusal, the amended motion constitutes an additional motion to recuse for purposes of counting the number of recusal motions filed. *See In re Fifty-One Gambling Devices*, 298 S.W.3d 768, 772–73 (Tex. App.—Amarillo 2009, pet. denied) (holding that an amended motion to recuse counted toward the total tally of motions when the amended motion added new arguments).

[8]The Trustee cited the lack of counsel as justification for the continuance. But as explained above, the Trustee had consented to the withdrawal of counsel. Moreover, the withdrawal was prompted by the Trustee's pro se removal of the case on the day of trial and the pro se filing of the Trustee's first motion to recuse.

September 14, 2018, the same day as the hearing on the Motion for Summary Judgment. Appellants' motions were never ruled on by the trial court.

On September 10, 2018, Appellants filed their joint Summary Judgment Response. The Summary Judgment Response was filed by a new attorney, Jerome Stein. The Summary Judgment Response relied on an opinion from Mr. Jackson, who opined that the Property's fair market value was $742,000 (the "Jackson Opinion"). Mr. Jackson had not been previously disclosed as an expert witness, and moreover, the Jackson Opinion was filed 251 days after the deadline for designating experts. The Authority objected to the Jackson Opinion and moved to exclude it from the summary judgment record. Appellants did not file any response to the objection. Appellants did file a First Amended Response to Plaintiff's Motion for Summary Judgment, which was identical to the original Summary Judgment Response but with no attachments. The parties and the court subsequently treated the original Summary Judgment Response as the live response. We will do the same.

### G. First Motion to Recuse

On September 14, 2018 (the hearing date for the Motion for Summary Judgment), the Trust and Yazbek each filed a separate suggestion of bankruptcy, resulting in a stay of the litigation. The bankruptcy court dismissed the Trust's bankruptcy case and lifted the stay of this litigation in Yazbek's bankruptcy case. After the bankruptcy cases were resolved, the Authority obtained another hearing date for its long pending Motion for Summary Judgment, this time for March 8, 2019.

7

**H. Appellants' Additional Attempt to Delay the Summary Judgment Hearing**

Days before the summary judgment hearing, Appellants' counsel, Mr. Stein, filed a motion to withdraw from representing the Trust and sought a continuance of the hearing. Appellants did not set either motion for hearing, and neither motion was heard by the trial court. One day before the hearing, the Trustee filed, pro se, yet another motion to recuse (the "Trustee's third motion to recuse").

## I. Trial Court's Summary Judgment Orders

On March 8, 2019, the trial court heard the Authority's Motion for Summary Judgment.[9] On March 12, 2019, the trial court entered an order striking the Jackson Opinion from the summary judgment record. In a separate order issued the same day, the trial court granted the Motion for Summary Judgment and entered its finding that the Property's fair market value is $432,000.

## II. ISSUES AND STANDARDS OF REVIEW

In unnumbered related issues, Appellants challenge (1) the trial court's summary judgment in favor of the Authority, valuing the Property at $432,000, and

---

[9]The Trustee's third motion to recuse did not require the trial court to refrain from acting because the motion was a tertiary motion. *See* Tex. Civ. Prac. & Rem. Code Ann. § 30.016(b)(1–3); *Fifty-One Gambling Devices*, 298 S.W.3d at 772–73 (defining which recusal motions count toward the limit). Section 30.016(b)(1–3) specifically instructs that, following the third or subsequent motion for recusal, the judge "shall continue to" preside over the case, sign orders, and move the case to final disposition "as though [the] tertiary recusal motion had not been filed." Tex. Civ. Prac. & Rem. Code Ann. § 30.016(b)(1–3).

(2) the trial court's exclusion of the Jackson Opinion.[10]

An appellate court reviews a trial court's decision to exclude evidence under an abuse-of-discretion standard. *In re J.P.B.*, 180 S.W.3d 570, 575 (Tex. 2005) (per curiam). A court abuses its discretion if it acts without reference to any guiding rules or principles. *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 687 (Tex. 2002). An appellate court must uphold a trial court's evidentiary ruling if there is any legitimate basis in the record to support it. *Drilex Sys., Inc. v. Flores*, 1 S.W.3d 112, 119–20 (Tex. 1999) (op. on reh'g); *LSREF2 Apex (TX) II, LLC v. Blomquist*, No. 05-14-00851-CV, 2015 WL 4554522, at *3 (Tex. App.—Dallas July 29, 2015, no pet.) (mem. op.) (relying on Rule 193.6(a)–(b) of the Texas Rules of Civil Procedure to hold that trial court did not abuse its discretion in striking summary judgment response documents which had not been timely produced in response to discovery requests).

---

[10]In their reply brief, Appellants generally acknowledge what counsel describes as the "strange . . . procedural posture" of the case and argue that to deprive them of their expert's opinion because of their lawyers' failures to disclose unfairly deprives them of their rights to fair compensation guaranteed by Article One, Section Seventeen of the Texas Constitution. Tex. Const. art. I, § 17. Appellants vaguely argue that this court should somehow liberally construe the Texas Rules of Civil Procedure under Rule 1 to "achieve a just, fair, and equitable result"—reversing the trial court's judgment and remanding the case for further proceedings in which their stricken expert's testimony would be allowed. We find Appellants' briefing inadequate on this point. An appellant's brief is required to contain a "clear and concise argument that includes appropriate citations to legal authority. . . . This requirement is not satisfied by merely uttering brief, conclusory statements unsupported by legal citations." *Olsen v. Comm'n for Law. Discipline*, 347 S.W.3d 876, 888 (Tex. App.—Dallas 2011, pet. denied) (citation omitted).

We review a summary judgment de novo. *Travelers Ins. v. Joachim*, 315 S.W.3d 860, 863 (Tex. 2010). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). If a trial court's order does not specify the grounds upon which it granted summary judgment, we must affirm if any of the theories presented to the trial court and preserved for appeal are meritorious. *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003).

## III. ANALYSIS

### A. Exclusion of the Jackson Opinion

We will first review Appellants' contention that the trial court abused its discretion in striking the Jackson Opinion because that issue's resolution materially affects this court's analysis of Appellants' issue challenging the trial court's summary judgment as to the Property's value.

Mr. Jackson was not timely designated, and his Opinion was not timely disclosed. The record conclusively establishes that he was not timely designated because he was first identified and his Opinion was first presented in Appellants' Summary Judgment Response 251 days after the deadline for disclosing experts (the

expert disclosure deadline was January 2, 2018, and Mr. Jackson was first identified on September 10, 2018). Appellants concede in their initial brief that they failed to timely disclose him.[11] Thus, to overturn the trial court's exclusion of Mr. Jackson and his Opinion, Appellants must demonstrate that the trial court abused its discretion by finding that they failed to demonstrate good cause or a lack of unfair surprise or prejudice to the Authority. *See Fort Brown Villas III Condo. Assoc., Inc. v. Gillenwater*, 285 S.W.3d 879, 881 (Tex. 2009) (citing Tex. R. Civ. P. 193.6). The rule applies equally to trials and summary judgment hearings. *Id.*; *Blomquist*, 2015 WL 4554522, at *3.

In this case, Appellants did not respond to the Authority's objection to the late designation and disclosure of Mr. Jackson and his Opinion. Likewise, Appellants made no showing of good cause or of the lack of unfair surprise or prejudice. Because Appellants did not request leave to serve late discovery responses that the trial court denied and made no showing of lack of prejudice or unfair surprise, the trial court did not abuse its discretion by excluding the Jackson Opinion. *See Mancuso v. Cheaha Land Servs., LLC*, No. 02-09-241-CV, 2010 WL 3193317, at *3 (Tex. App.—Fort Worth Aug. 12, 2010, no pet.) (mem. op.); *see also Lee v. Wal-Mart*, No. 11-14-00078-CV,

---

[11]Although Yazbek filed a motion for leave of court to file a motion for a new appraisal, the trial court never ruled on this motion. Yazbek therefore preserved no right to raise this issue on appeal. *Hagan v. Pennington*, No. 05-18-00010-CV, 2019 WL 2521719, at *5 (Tex. App.—Dallas June 19, 2019, no pet.) (mem. op.).

2016 WL 1072644, at *3 (Tex. App.—Eastland Mar. 17, 2016, no pet.) (mem. op.).[12]

We overrule this issue.

---

[12]Appellants misplace the burdens required for the admission of untimely disclosed evidence. Yazbek seeks to demonstrate prejudice to her from the exclusion of the Jackson Opinion. However, her burden was to establish no unfair prejudice or surprise to the Authority from the admission of that evidence. *See In re Kings Ridge Homeowners Ass'n, Inc.*, 303 S.W.3d 773, 783 (Tex. App.—Fort Worth 2009, orig. proceeding) (requiring a party to show that the late disclosure "will not unfairly surprise or unfairly prejudice the other parties") (citing Tex. R. Civ. P. 193.6(a)(2)). Appellants also argue that the Authority could not show that it would have been prejudiced by the late designation of Mr. Jackson. However, this argument improperly reverses the burden of proof. The burden was on Appellants to show that the Authority would not have been unduly prejudiced.

Appellants further contend that there was no undue prejudice to the Authority because it could cross-examine Mr. Jackson at trial. This type of argument has been rejected in a similar case involving the failure to timely designate an expert witness offered in response to a motion for summary judgment. As stated in *Ersek v. Davis & Davis, P.C.*,

> Ersek contends that Davis & Davis was not unfairly surprised or prejudiced because an expert witness was required to establish this cause of action and because Ersek offered Davis & Davis open access to depose the expert witness. We do not find these arguments persuasive. First, the fact that an expert witness is necessary to establish Ersek's cause of action does not establish that the defense would not be unfairly surprised by this expert named at this time. "The rules were revised to make that sort of anticipation unnecessary." [*Snider v. Stanley*, 44 S.W.3d 713, 717 (Tex. App.—Beaumont 2001, pet. denied)]. The supreme court discussed the concept of unfair surprise prior to the revision of the rules in *Alvarado v. Farah Manufacturing Co.*:
>
> > Determining whether a party is really surprised by an offer of testimony not formally identified in discovery is difficult. The better prepared counsel is for trial, the more likely he is to have anticipated what evidence may be offered against his client, and the less likely he is to be surprised. It would

12

## B. Propriety of Summary Judgment

We will now address Appellant's remaining issue, that the trial court erred by granting the summary judgment and establishing the value of the property at $432,000. Appellants succinctly state in their Brief that "[t]he sole issue on appeal is the determination of the fair market value of the Property on June 28, 2017, the date of taking." The trial court granted the Motion for Summary Judgment and entered its finding that the Property's fair market value was $432,000. Appellants claim a fact issue was created by three "competing" Property values:

(1) the commissioners' award of $225,000;

(2) Mr. Crum's appraisal of $432,000; and

(3) Mr. Jackson's appraisal of $732,000.

---

hardly be right to reward competent counsel's diligent preparation by excusing his opponent from complying with the requirements of the rules. . . . A party is entitled to prepare for trial assured that a witness will not be called because opposing counsel has not identified him or her in response to a proper interrogatory.

830 S.W.2d [911, 915 (Tex. 1992) (op. on reh'g)]. Furthermore, simply granting the firm the right to depose the witness does not ensure that it is not unfairly surprised or prejudiced. *See Snider*, 44 S.W.3d at 717–18. Accordingly, we hold that the trial court did not abuse its discretion by failing to conclude that Davis & Davis was not unfairly surprised or prejudiced by Ersek's failure for more than one year to designate an expert witness to support his cause of action.

69 S.W.3d 268, 272 (Tex. App.—Austin 2002, pet. denied).

13

The commissioners' award of $225,000 cannot serve as a basis for reversal for three reasons. First, Appellants did not argue in their Summary Judgment Response that the commissioners' award created a fact issue. Accordingly, Appellants waived the argument. *See Little v. Needham*, 236 S.W.3d 328, 333 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *Reyes v. Storage & Processors, Inc.*, 86 S.W.3d 344, 348 (Tex. App.—Texarkana 2002) (op. on reh'g), *aff'd*, 134 S.W.3d 190 (Tex. 2004).

Second, even if Appellants had properly preserved this complaint, the commissioners' award could not create a fact issue because the award was not admissible evidence as a matter of law. *See PR Invs. and Specialty Retailers, Inc. v. State*, 251 S.W.3d 472, 476 (Tex. 2008) (citing *State v. Hilton*, 412 S.W.2d 41, 42 (Tex. 1967)); *City of McKinney, Tex. v. Eldorado Park, Ltd.*, 206 S.W.3d 185, 192 (Tex. App.—Eastland 2006, pet. denied) (noting that the special commissioners' award is vacated and inadmissible in the trial de novo before the trial court).

Finally, even if the commissioners' award were admissible evidence, it would not result in reversible error in this case. Appellants suffered no harm, as they received $432,000, the amount they had sought through their own timely designated expert and an amount more than the commissioners' award. It was also the highest amount the admissible evidence supported.

Turning to the Jackson Opinion, it cannot create a fact issue, either. As we held above, the trial court did not abuse its discretion by excluding the Jackson Opinion from consideration; it was therefore not competent summary judgment evidence.

Because neither the commissioners' award nor the Jackson Opinion created a fact issue as to the Property's fair market value, the only value left for the trial court to consider was Mr. Crum's appraisal value of $432,000, which is precisely the amount stated in the trial court's ruling.

The value of land for purposes of condemnation is properly a matter of expert opinion. *State v. Cent. Expressway Sign Assocs.*, 302 S.W.3d 866, 874 (Tex. 2009) (op. on reh'g). The only expert opinion regarding the value of this land which was properly before the trial court was Mr. Crum's opinion, and that opinion was not otherwise challenged by Appellants regarding its reliability or credibility. He was, after all, their timely designated expert witness. Therefore, the evidence before the trial court was proper summary judgment evidence upon which the court could rely in granting its summary judgment. Expert opinion may be sufficient to support a traditional motion for summary judgment as to the value of real property. *Harris Cty. Appraisal Dist. v. Riverway Holdings, L.P.*, No. 14-09-00786-CV, 2011 WL 529466, at *4 (Tex. App.—Houston [14th Dist.] Feb. 15, 2011, pet. denied) (mem. op.). As noted by that court,

> We reject HCAD's accompanying contention that a trial court cannot grant a traditional summary judgment in favor of the property-owner movant on the basis of uncontroverted and unchallenged expert opinion evidence addressing property valuation. . . . HCAD's argument contravenes Rule 166a(c), which recognizes that a movant can establish its right to summary judgment based solely on the uncontroverted testimony of an expert witness if (1) the subject matter is such that a trier of fact would be guided solely by the opinion testimony of an expert; (2) the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies; and (3) the evidence could have

been readily controverted. *See* Tex. R. Civ. P. 166a(c); *Anderson v. Snider*, 808 S.W.2d 54, 55 (Tex.1991)[ (per curiam) (op. on reh'g)].

*Id.* We overrule this issue.

## IV.    CONCLUSION

Having overruled Appellants' two issues, we affirm the trial court's judgment.


/s/ Mike Wallach
Mike Wallach
Justice

Delivered: April 8, 2021