NO. 07-11-00464-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

NOVEMBER 7, 2012

IN THE MATTER OF THE MARRIAGE OF JILL MEGAN
MCKAY AND MALCOLM FRANKLIN MCKAY AND IN THE
INTEREST OF E. R. M., A CHILD

FROM THE COUNTY COURT AT LAW NO 2 OF RANDALL COUNTY;

NO. 57,949-L2; HONORABLE RONALD WALKER, JUDGE

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**OPINION**

Appellant, Jill Megan McKay, appeals the trial court's Final Decree of Divorce and Order in Suit Affecting Parent-Child Relationship and Orders Concerning Intervenors. We will affirm.

Background

On December 10, 2000, McKay gave birth to E.R.M. The father of E.R.M. is Malcolm Franklin McKay. Malcolm and Jill married on June 15, 2003. Throughout

E.R.M.'s life, intervenors, Carol and Pablo Reyes,[1] have assisted Malcolm and Jill in providing care for E.R.M.

On July 18, 2006, Jill filed for divorce from Malcolm. On November 27, 2006, Jill and Malcolm were named temporary joint managing conservators of E.R.M. with Jill designated as the temporary conservator with the exclusive right to designate E.R.M.'s primary residence. However, Jill's right to designate E.R.M.'s residence was limited to Potter and Randall Counties.

While the divorce remained pending, in August of 2009, Jill moved to California, where members of her family were living, to attend a beauty school. Malcolm would not consent to Jill taking E.R.M. with her to California. At the time that Jill moved to California, E.R.M. was spending significant amounts of time with the Reyeses.

On September 29, 2009, Malcolm was involved in an automobile accident that rendered him incapable of being able to care for E.R.M. While Malcolm recovered from these injuries and with Jill living in California, the Reyeses became the sole caretakers of E.R.M. Jill was unaware that Malcolm was unable to care for E.R.M. as a result of his injuries and, therefore, did not realize that the Reyeses had assumed the role of E.R.M.'s sole caretaker in late September of 2009.

Because Malcolm had been drinking when he was involved in the accident, he was arrested in February of 2010. Malcolm was convicted of driving while intoxicated in March of 2010, and he remained incarcerated up to the time that trial was held in

---

[1] The Reyeses are E.R.M.'s great-aunt and great-uncle.

August of 2011. Jill was aware that, after Malcolm was arrested, the Reyeses were providing all of E.R.M.'s care.

On April 23, 2010, the Reyeses filed an original petition seeking appointment as joint managing conservators of E.R.M. with the right to designate the primary residence of the child. On April 26, 2010, the Reyeses filed an "Amended Petition in Intervention in Suit Affecting the Parent-Child Relationship" that sought appointment of the Reyeses as joint managing conservators of E.R.M. with the right to designate the primary residence of the child.[2] On June 18, 2010, the trial court issued a temporary restraining order that apparently prevented the removal of E.R.M. from the Reyeses' care.[3]

On July 6, 2010, Jill filed a motion to dismiss the Reyeses' suit for lack of standing and/or motion to strike the Reyeses' petition in intervention. After the Reyeses filed a response, the trial court held an evidentiary hearing on the matter of the Reyeses' standing on July 12, 2010. At the close of this hearing, the trial court requested the parties submit briefs on the issue of the Reyeses' standing. Though not part of the reporter's record, it appears that the trial court held a hearing on September 20, 2010, and another on November 9, 2010, at which argument and/or evidence of the

---

[2] It appears that both of these petitions were filed in the cause number that was established by Jill's July 18, 2006 petition for divorce. However, Jill's original petition for divorce is not included in the clerk's record. A Second Amended Petition for Divorce, that appears to have been the live pleading at the time of trial, is included in the clerk's record.

[3] The actual temporary order issued by the trial court is not included in the clerk's record, but both parties acknowledge in their briefs that such an order was issued by the trial court.

standing issue was presented. Further, no express ruling by the trial court on whether the Reyeses have standing is contained within the appellate record.

Trial was held on August 15 through 18, 2011. The case was presented to a jury. The jury returned a verdict that the Reyeses and Malcolm should be appointed joint managing conservators of E.R.M., and that the Reyeses should have the exclusive right to designate the primary residence of E.R.M. without any geographical restriction. On October 20, 2011, the trial court signed its Final Decree of Divorce in accordance with the jury's verdict.[4] Jill timely filed a notice of appeal that sought appeal of "the trial court's October 20, 2011 'Judgment on the Verdict of Jury.'"[5] In support of her appeal, Jill initially filed a request for preparation of the entire reporter's record and affidavit of indigence. Apparently, a contest to Jill's affidavit of indigence was sustained by the trial court, and Jill filed a "Request for the Reporter's Record (2nd Request)" that requested preparation of certain specified portions of the record as well as "[a]ny and all parts of the transcript covering Standing along with Voir Dire."

Jill presents one issue by her appeal: whether the issue of the standing of a non-parent to intervene should be resolved by the jury or the judge when disputed evidence creating a fact issue is presented before trial to the judge. Before reaching that issue,

_____

[4] While not addressed by the jury's verdict, the Final Divorce Decree appointed Jill as possessory conservator of E.R.M. with standard visitation. Also, child support was not ordered against Jill because the Reyeses did not wish to pursue child support against Jill.

[5] The only document in the clerk's record dated October 20, 2011, is the trial court's Final Decree of Divorce. The clerk's record does not contain a document titled "Judgment on the Verdict of Jury."

4

however, we must determine whether Jill satisfied the requirements for presenting this appeal with a partial reporter's record.

## Partial Reporter's Record

Generally, in an appeal with only a partial reporter's record, the court of appeals must presume the omitted portions of the record are relevant and support the trial court's judgment. Mason v. Our Lady Star of the Sea Catholic Church, 154 S.W.3d 816, 819 (Tex.App.—Houston [14th Dist.] 2005, no pet.) (citing Christiansen v. Perzelski, 782 S.W.2d 842, 843 (Tex. 1990) (per curiam)). Texas Rule of Appellate Procedure 34.6(c)(1) provides for an exception to this general rule, and identifies the requisite procedures for the exception to apply: "If the appellant requests a partial reporter's record, the appellant must include in the request[6] a statement of the points or issues to be presented on appeal and will then be limited to those points or issues." TEX. R. APP.

---

[6] While the language of the rule requires the statement of points be included in the request for the reporter's record, statements contained within other documents have been deemed sufficient "as long as the statement is made in time for the other parties to designate any additional relevant portions of the record and to prepare their appellate briefs." Mason, 154 S.W.3d at 819; see Bennett v. Cochran, 96 S.W.3d 227, 229 (Tex. 2002) (per curiam) (statement of points filed two months after request for reporter's record sufficient to comply with Rule 34.6(c)(1), absent showing of prejudice by opposing party); Furr's Supermarkets, Inc. v. Bethune, 53 S.W.3d 375, 377 (Tex. 2001) (notice of statement of points given to opposing party in separate document on the same day as request for reporter's record sufficient); Melton v. Toomey, 350 S.W.3d 235, 237 (Tex.App.—San Antonio 2011, no pet.) (holding statement of points in notice of appeal sufficient). In the present case, however, Jill contends that she provided a "simple, yet concise statement of points and issues" in her Request for the Reporter's Record (2nd Request). She does not contend that a statement of points was provided in another document nor have we found another document in the record that could be construed as containing a statement of points.

P. 34.6(c)(1).[7] This statement of points limiting the issues to be presented on appeal puts the other parties on notice that the appellate court will presume that the designated portions of the record constitute the entire record for reviewing the stated points, and it allows the other parties the opportunity to request any additional portions of the record they believe are relevant to the issues or points. Mason, 154 S.W.3d at 819; see Rule 34.6(c)(2), (4). To effectuate the purpose of the rule, the statement of points must "designate with reasonable particularity the complaints to be pursued on appeal." Munden v. Reed, No. 05-01-01896-CV, 2003 Tex.App. LEXIS 65, at *7 (Tex.App.— Dallas Jan. 8, 2003, no pet.) (mem. op.) (quoting Gardner v. Baker & Botts, L.L.P., 6 S.W.3d 295, 296 (Tex.App.—Houston [1st Dist.] 1999, pet. denied)); see CMM Grain Co. v. Ozgunduz, 991 S.W.2d 437, 439 (Tex.App.—Fort Worth 1999, no pet.) (identifying that, while the statement of points need not be exact, it should describe the nature of the complained of error with reasonable particularity).

In the present case, the only ostensible statement of points that can be found in the record is Jill's request, contained in her second request for preparation of the reporter's record, that the reporter prepare "[a]ny and all parts of the transcript covering Standing along with Voir Dire." According to Jill, this statement is a "simple, yet concise statement of points and issues." However, "a general statement identifying the portion of the judgment appealed from and declaring an intention to appeal that portion of the judgment is insufficient to satisfy the narrow purpose of Rule 34.6(c)." CMM Grain Co., 991 S.W.2d at 439 (rejecting a statement of "desire to appeal all rulings and orders of

---

[7] Further references to the Texas Rules of Appellate Procedure will be by reference to "Rule __."

the trial court that dealt with the denial of the offset of benefits" as insufficient under Rule 34.6(c)(1)).  Jill's statement does no more than identify a portion of the judgment that might be appealed from, and then arguably declares an intention to appeal that portion of the judgment.  This, we conclude, does not comply with Rule 34.6(c)(1) because it does not identify Jill's appellate issue with reasonable particularity, which leaves the Reyeses to guess which additional portions of the evidence should be included in the reporter's record.  See Munden, 2003 Tex.App. LEXIS 65, at *7-9 (request that reporter's record be limited to "those portions regarding the submission to the jury of the issue of . . . negligence" does not comply with Rule 34.6(c)(1), "because it requests part of the record but does not state the issue on appeal.").  Because Jill did not comply with the requirements of Rule 34.6(c)(1), we must presume that the omitted portions of the record are relevant to this appeal, and that the evidence contained within the omitted portions of the record supports the trial court's judgment.  See Coleman v. Carpentier, 132 S.W.3d 108, 111 (Tex.App.—Beaumont 2004, no pet.); CMM Grain Co., 991 S.W.2d at 439-40.

Having determined that Jill failed to comply with the requisites of Rule 34.6(c), we must review Jill's issue, that the standing of a non-parent to intervene should be submitted to the jury when disputed evidence creating a fact issue is presented before trial to the judge, in light of the presumption that the omitted portions of the record support the trial court's judgment.  The Texas Supreme Court has articulated, without limitation, that a complete failure to include a statement of points when a partial reporter's record is filed requires an appellate court to affirm the judgment of the trial court.  See Bennett, 96 S.W.3d at 229.  Further, in the context of a challenge to the jury

charge, the presumption that the omitted portions of a record support the judgment has been held to be determinative of the issue. See Munden, 2003 Tex.App. LEXIS 65, at *10 (citing Island Rec. Dev. Corp. v. Republic of Tex. Sav. Ass'n, 710 S.W.2d 551, 555 (Tex. 1986), for proposition that claims of jury charge error requires review of entire record, and Kwik Wash Laundries, Inc. v. McIntyre, 840 S.W.2d 739, 742 (Tex.App.—Austin 1992, no writ), for proposition that a partial reporter's record is not a sufficient record to determine whether trial court's refusal to submit an instruction in jury charge was error). Consequently, because we must presume that the omitted portions of the reporter's record support the trial court's judgment, we cannot determine from the incomplete record before us that the trial court erred in failing to submit fact issues relating to the Reyeses' standing to the jury.[8]

We overrule Jill's sole appellate issue.

### Conclusion

Having overruled Jill's sole issue on appeal, we affirm the judgment of the trial court.

Mackey K. Hancock
Justice

---

[8] Because we cannot determine that Jill's issue presents reversible error based on a partial reporter's record, we express no opinion on the merits of Jill's contention that the issue of the standing of a non-parent to intervene should be resolved by the jury when disputed evidence creating a fact issue is presented before trial to the judge.