

# NUMBER 13-24-00303-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

| | |
|---|---|
| **TOM RAY LEMEN,** | **Appellant,** |
| **v.** | |
| **RICHARD J. STEEL,** | **Appellee.** |

## ON APPEAL FROM THE 93RD DISTRICT COURT
## OF HIDALGO COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and Fonseca**
**Memorandum Opinion by Justice Peña**

Appellant Tom Ray Lemen appeals the trial court's take-nothing judgment rendered upon a jury's verdict in favor of appellee Richard J. Steel. By a single issue, Lemen argues that he is entitled to a new trial because the trial court erroneously admitted certain evidence. We affirm.

## I.    BACKGROUND

On March 11, 2021, Lemen filed suit against Steel and others[1] seeking damages for alleged medical malpractice. According to the petition, Lemen began to experience pain and discomfort in his abdomen along with tiredness and nausea sometime in early 2016. Steel examined Lemen and ordered a computed tomography (CT) scan for Lemen's abdomen and pelvis.

On March 4, 2016, the CT scan was performed "without IV contrast" and revealed several "benign" cysts on Lemen's left kidney. In September 2016, Lemen was admitted for an abdominal ultrasound which revealed a left renal cyst and a "focal masslike density in the midpole of [Lemen's] left kidney." The radiologist opined that "the focal masslike density may represent fetal lobulation" and recommended a CT scan with contrast. In December 2016, Steel referred Lemen to a facility for a magnetic resonance imaging (MRI) scan of his abdomen. The MRI scan identified a large, solid mass in Lemen's left kidney. Lemen alleged that while Steel was informed in writing of a concern for malignancy based on the MRI results, Steel failed to share the results with him.

In January 2017, Steel ordered a needle biopsy of Lemen's left kidney. After the procedure, Lemen claims the doctors informed him that the results indicated "he had nothing to worry about." Lemen continued to see Steel for his pain, but it was not until January 2019 that a second biopsy ordered by Steel revealed that Lemen in fact had renal cell carcinoma.

The petition alleged that Steel was negligent "in the care, services[,] and treatment rendered to [Lemen]." Specifically, that Steel "failed to timely appreciate, address, treat[,]

---

[1] Lemen's original petition also named Doctors Hospital at Renaissance, Ltd., Jose Llerena, and Siegfried Pueblitz as defendants. None are parties to this appeal.

and respond to [Lemen's] condition" and "breached [his] duty of care . . . by failing to provide appropriate medical care and treatment under the circumstances to a patient at risk of kidney cancer."

A nine-day jury trial commenced on February 5, 2024. At some point during trial,[2] Lemen's ability to view his medical records through his patient web portal became an issue. Steel requested that the trial court admit into evidence a printout of Lemen's web portal which purported to show Lemen accessing his medical records from 2015 through 2019. After a hearing on the matter outside the presence of the jury, the trial court admitted the exhibit over Lemen's objection. The jury ultimately found that Steel's negligence, if any, did not proximately cause Lemen's injuries. On March 8, 2024, the trial court signed a final judgment in accordance with the jury's verdict and awarded Steel $6,166.37 in court costs. This appeal followed.

## II.    EVIDENTIARY RULING

In his sole issue, Lemen argues that the trial court abused its discretion in admitting the web portal records because "they were never produced, they were never identified in disclosures, and they were not used solely for impeachment purposes," resulting in an erroneous verdict. Steel responds that we need not reach the merits of the appeal because Lemen's failure to provide a complete record is fatal to his argument.

## A.    Standard of Review

We review evidentiary rulings for an abuse of discretion. *U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 132 (Tex. 2012); *Bay Area Healthcare Grp., Ltd. v. McShane*, 239 S.W.3d 231, 234 (Tex. 2007) (per curiam). "A trial court abuses this discretion when

---

[2] Because Lemen requested only a partial reporter's record without any trial testimony, the circumstances which gave rise to Lemen's issue are unclear.

3

it acts without regard for guiding rules or principles." *U-Haul Int'l, Inc.*, 380 S.W.3d at 132 (citing *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998)). "Even if the trial court abused its discretion in admitting certain evidence, reversal is only appropriate if the error was harmful, [i.e.], it probably resulted in an improper judgment." *Id.*; *see also* Tex. R. App. P. 44.1 (judgment may only be reversed in a civil case if it probably caused the rendition of an improper judgment). "In determining whether the erroneous admission . . . of evidence probably resulted in the rendition of an improper judgment, we review the entire record, and, '[t]ypically, a successful challenge to a trial court's evidentiary rulings requires the complaining party to demonstrate that the judgment turns on the particular evidence excluded or admitted.'" *Primoris Energy Servs. Corp. v. Myers*, 569 S.W.3d 745, 762 (Tex. App.—Houston [1st Dist.] 2018, no pet.) (alteration in original) (quoting *Interstate Northborough P'ship v. State*, 66 S.W.3d 213, 220 (Tex. 2001)).

## B.     Analysis

The appellant bears the burden to bring forth a record showing reversible error. *See Garcia v. Sasson*, 516 S.W.3d 585, 590 (Tex. App.—Houston [1st Dist.] 2017, no pet.). The appellant can request a partial reporter's record and "include in the request a statement of the points or issues to be presented on appeal and will then be limited to those points or issues." Tex. R. App. P. 34.6(c)(1). "This gives the opposing party the opportunity to supplement the requested evidence by designating additional exhibits and portions of the testimony to be included in the reporter's record." *Est. of Soto ex rel. Amador v. Mireles*, 587 S.W.3d 446, 448 (Tex. App.—El Paso 2019, no pet.) (citing Tex. R. App. P. 34.6(c)(2)). "Compliance with Rule 34.6(c) requires appellate courts to presume

that the partial reporter's record constitutes the entire record for purposes of reviewing the stated points or issues." *Id.* (citing TEX. R. APP. P. 34.6(c)(4)).

Here, Lemen requested a partial reporter's record,[3] but failed to include any statement of the issues intended to be presented on appeal. "When an appellant completely fails to include any statements of the issues, the record is deemed incomplete and the appellate court presumes the omitted portions of the reporter's record are relevant and support the trial court's judgment." *Id.* at 449 (first citing *Bennett v. Cochran*, 96 S.W.3d 227, 229 (Tex. 2002) (per curiam); and then citing *In re Tyler*, 408 S.W.3d 491, 494 (Tex. App.—El Paso 2013, no pet.)); *Garcia*, 516 S.W.3d at 591. "Because [Lemen] did not comply with the requirements of Rule 34.6(c)(1), we must presume that the omitted portions of the record are relevant to this appeal, and that the evidence contained within the omitted portions supports the trial court's judgment." *In re Marriage of McKay*, 393 S.W.3d 346, 350 (Tex. App.—Amarillo 2012, no pet.); *see Est. of Soto*, 587 S.W.3d at 449–50.

We further note that, because Lemen brings a single evidentiary challenge on appeal, his request for a partial reporter's record in and of itself presents a substantial impediment to his obtaining relief. Even assuming the trial court erred in the admission of the web portal records, we cannot determine whether it caused the rendition of an improper judgment without a review of the entire trial record. *See TXI Transp. Co. v. Hughes*, 306 S.W.3d 230, 242–43 (Tex. 2010) ("Probable error is . . . a matter of judgment drawn from an evaluation of the whole case from voir dire to closing argument,

---

[3] Lemen's request for preparation of the reporter's record asked for the following items to be included: a transcript of the hearing on Steel's request to admit the web portal records, jury notes and the court's responses, a transcript of a hearing on excusing a juror, a transcript of closing arguments, a transcript of the hearing on Lemen's motion for new trial, and all trial exhibits.

considering the state of the evidence, the strength and weakness of the case, and the verdict." (citation modified)); *Primoris Energy Servs.*, 569 S.W.3d at 762. Based on the record before us, we are left without any trial record of the circumstances surrounding the complained-of evidence's admission or any witness testimony from nine days of trial. Moreover, Lemen raises several different arguments on appeal on why the evidence was improperly admitted it, but we are likewise unable to determine if they were properly preserved.

In the absence of the entire trial record and Lemen's failure to comply with Rule 34.6(c), we are unable to conduct a review for reversible error. *See Est. of* Soto, 587 S.W.3d at 450; *see also Bennett*, 96 S.W.3d at 230 ("While we seek to resolve appeals on their merits, litigants who ignore our rules do so at the risk of forfeiting appellate relief."). Accordingly, we hold the trial court did not abuse its discretion. *See U-Haul Int'l, Inc.*, 380 S.W.3d at 132. We overrule Lemen's sole issue on appeal.

### III.    CONCLUSION

We affirm the trial court's judgment.

L. ARON PEÑA JR.
Justice

Delivered and filed on the
21st day of May, 2026.

6