**TARRANT COUNTY WASTE DISPOSAL, INC., Appellant,**

v.

**John Lee DOSS, Appellee.**

**No. 2–86–179–CV.**

Court of Appeals of Texas, Forth Worth.

Sept. 24, 1987.

**608**

Gandy, Michener, Swindle, Whitaker & Pratt and Joseph Spence and Jerry Sawyer, Fort Worth, for appellant.

Fillmore, Herrick & Harrington and H. Dustin Fillmore and John W. Herrick and K. Marvin Adams, Fort Worth, for appellee.

Before FENDER, C.J., and JOE SPURLOCK, II and HILL, JJ.

## OPINION

HILL, Justice.

Tarrant County Waste Disposal, Inc., appeals from a judgment in favor of John Lee Doss, the appellee, for personal injuries which he suffered in a fall from a bulldozer which he was operating as an employee for the appellant. The appellant presents five points of error, contending: that Doss's claim is barred by a release executed by him; that the trial court erred by not granting a new trial based on newly-discovered evidence; that the trial court erred by not granting the appellant's first continuance; and that the trial court erred by not allowing the appellant an offset for past medical expenses paid to Doss by the appellant's insurance carrier.

We reform the judgment to eliminate damages awarded for past medical expenses, and we affirm the judgment as reformed. We find: that the release signed by Doss released only claims arising out of the appellant's blanket policy, not all claims arising from the incident in question; that the appellant's failure to have certain testimony at trial was due to its own lack of diligence, so that the trial court did not err by failing to grant appellant a continuance or by failing to grant its motion for new trial; and that payments for past medical expenses under appellant's blanket accident policy were not from a collateral source since the policy was purchased to limit appellant's common law exposure in the absence of Worker's Compensation Insurance, not as a fringe benefit for employees.

█ In points of error numbers one and two, the appellant contends that Doss's claim is barred by a release which he executed. Doss's injury occurred in August, 1983. Although Tarrant County Waste Disposal, Inc., was a non-subscriber under the Texas Workers' Compensation Statute, the company had obtained a blanket accident policy which covered losses resulting from bodily injury suffered by an employee

as a result of accidental injury occurring in the course and scope of his employment. Following Doss's injury, his medical and hospital expenses were paid under the terms of the policy. Doss executed a release agreement in favor of Tarrant County Waste Disposal and the insurance company on June 17, 1985. In the release agreement, Doss, in consideration of the payment of $900, agreed to release the appellant and its insurance company from any claim pursuant to the partial disability coverage contained in the insurance policy. The agreement provided that it was not to be construed as a release of the total disability coverage or the hospital and medical coverage.

The claim brought by Doss is a common law negligence action seeking damages for personal injury, not a claim brought pursuant to the partial disability coverage contained in the insurance policy. It follows that the release, which was only applicable to a claim brought pursuant to disability coverage contained in the policy, is not applicable to Doss's common law negligence action seeking damages for personal injury.

Tarrant County Waste Disposal relies primarily on this court's opinion in *Pack v. City of Fort Worth*, 552 S.W.2d 895 (Tex. Civ.App.—Fort Worth), *writ ref'd n.r.e.*, 557 S.W.2d 771 (Tex.1977). In *Pack*, a Fort Worth City employee was injured on the job. A year after his injury the employee voluntarily retired and began receiving a city pension. In connection with his retirement, the employee executed a retirement certificate that, among other things, released "all claims for ... all liability of the City of Fort Worth on account of your employment therewith and on account of your participation in the Employees' Retirement Fund of the City of Fort Worth." *Id.* at 897. In the *Pack* release, the employee released his employer of any liability for any claim on account of his employment, whereas in this case Doss only released the appellant from any claim pursuant to the partial disability coverage contained in the insurance policy, not from any claim in connection with his employment. A claim made pursuant to one's common law reme-

dy for injuries proximately caused by another's negligence is not a claim made pursuant to partial disability coverage contained in an insurance policy.

The appellant urges that we must construe the release as releasing Doss's common law negligence claim, and not merely the release of a claim under the insurance policy, because of the fact that the appellant is included in the release even though it had no liability under the policy. We find that appellant's construction of the release is inconsistent with its terms. A reasonable explanation for the inclusion of appellant in the release is to bar any attempt by Doss to press such a claim in the future, whether or not the appellant might have actual liability for a claim pursuant to the policy. Such an explanation is consistent with the terms of the release. We overrule points of error numbers one and two.

■ In point of error number three, the appellant urges that the trial court erred by not granting a new trial based on newly-discovered evidence. At the hearing on its motion for new trial, the appellant produced Mr. Frank Lewis, an eyewitness to Doss's accident. Lewis testified that the bulldozer's engine was turned off at the time Doss was injured. This testimony directly conflicted with that of Doss, the only other eyewitness, who testified that he fell when the bulldozer, which was on idle, suddenly surged and jumped forward 1–3 feet.

■ A party seeking a new trial based on newly-discovered evidence must satisfy the trial court that the evidence has come to his knowledge since the trial; that the failure to acquire the evidence before trial was not owing to the want of due diligence; that the evidence is not cumulative; and that the evidence would probably produce a different result if a new trial were granted. *Jackson v. Van Winkle*, 660 S.W.2d 807, 809 (Tex.1983). Whether such a motion is granted is addressed to the sound discretion of the trial court, and every reasonable presumption will be made on review in favor of the trial court's refusal of a new trial. *Id.*

As we have noted, the appellant is required to show that its failure to acquire the evidence was not owing to the want of due diligence on its part. Doss was injured in August, 1983. Doss's suit was filed in August, 1984. Doss's pleadings contained general allegations that the appellant was negligent in failing to furnish him with a safe place to work and for failing to warn him. On March 11, 1986, thirteen days before trial, Doss, in an amended petition, specifically alleged that the bulldozer with which he was working was defective, causing it to lurch suddenly, resulting in his injury. Doss's deposition was also given in March, 1986.

The appellant waited until nearly three years after the accident and nearly two years after the lawsuit was filed before it made any effort to locate and question the only eyewitness to the accident other than Doss, and before it sought to determine, through deposition or other discovery, Doss's position as to how the accident occurred. Further, once the lack of diligence resulted in the witness being unavailable, the appellant failed to comply with the rules of Civil Procedure with respect to continuance due to unavailable testimony by not making the affidavit required by TEX.R.CIV.P. 252. Appellant filed only an unsworn motion which did not even state there was an unavailable witness, although counsel for appellant indicates the judge was informed orally. We find that the appellant had failed to establish that the unavailability of Mr. Lewis' testimony at the trial was not owing to the want of due diligence on its part.

Appellant argues that the unavailability of Mr. Lewis was not due to lack of diligence on its part, calling our attention to the fact that it was surprised when it learned in March, 1986, through Doss's deposition and amended pleading, that the bulldozer lurched at the time of the accident. The only reason such an allegation came as a surprise to the appellant is because of the appellant's lack of diligence in investigating the accident and in utilizing its right of discovery after the suit was filed. We overrule point of error number three.

In point of error number four, appellant contends that the trial court erred in overruling its motion for continuance. We have already outlined the facts that show that appellant did not exercise diligence in preparing for trial, and that appellant did not comply with rule 252 of the Rules of Civil Procedure by not making the affidavit required by the rule. For these reasons, we find that the trial court did not abuse its discretion by denying appellant's motion for continuance. We overrule point of error number four.

Appellant urges in point of error number five that the trial court erred in failing to disregard the jury's answer finding $24,000 for past medical expenses and in failing to allow an offset for past medical expenses paid by appellant's insurance carrier to appellee.

Curtis McCaffity, the president of appellant, testified that the blanket accident policy which provided the benefits to Doss was purchased for the company to relieve itself of liability when an employee is hurt on the job. He acknowledged that the policy benefits the appellant's employee if injured. He stated that the company bought the policy in lieu of Worker's Compensation Insurance since it was cheaper.

The policy protected employees only for on-the-job injuries, whether or not appellant's negligence caused the injury. The appellant contends that payments for past medical expenses which Doss received from its insurance company are not payments from a collateral source, since it procured and paid for the policy.

The issue before us is whether the payments Doss received under the blanket accident policy covering on-the-job injury purchased by the appellant constitute a collateral source. The Texas Supreme Court, in *Brown v. American Transfer & Storage Co.*, 601 S.W.2d 931, 934 (Tex.1980), held that "[t]he theory behind the collateral source rule is that a wrongdoer should not have the benefit of insurance independently procured by the injured party, and to which the wrongdoer was not privy."

Since the decision in *Brown* the Fourteenth Court of Appeals has held, "that as to payments made by employers, it is the nature of the payments, not their source, which is determinative of the question of the applicability of the collateral source rule." *Southern Pacific Transportation Co. v. Allen*, 525 S.W.2d 300, 306 (Tex.Civ. App.—Houston [14th Dist.] 1975, no writ).

As previously noted, Doss's payments were benefits paid under the terms of a blanket accident policy which his employer purchased as an inexpensive substitute for Workers' Compensation Insurance. The policy provided medical payment benefits only for on-the-job injuries, but without regard to whether the appellant was negligent.

We believe that the determining factor is whether the employer purchased the insurance primarily for its own protection or as a fringe benefit for the employees. *Id.* at 307.

Although the policy in question might be considered a fringe benefit as applied to those toward which the appellant would have no liability, the fact that it was purchased in lieu of Worker's Compensation Insurance and that it was limited to on-the-job injuries, taken in conjunction with McCaffity's testimony as to the appellant's purpose in purchasing the policy, compels the conclusion that the primary purpose of the policy was, to the extent that it could, substitute for Worker's Compensation Insurance and limit the appellant's common law exposure in the event one of its workers suffered an injury on the job. We therefore hold that payments to Doss under the policy did not constitute a collateral source. The appellant is entitled to receive an offset in the judgment in an amount equal to $23,483.12, the amount of medical expense payment received by Doss under the terms of the policy.

Doss urges that the policy constitutes a collateral source since it provided benefits for all on-the-job injuries, not just those for which appellant would have liability. In support of this proposition, Doss relies on the cases of *Southern Pacific Transportation Co. v. Allen*, 525 S.W.2d at 300;

*Haughton v. Blackships, Inc.* 462 F.2d 788 (5th Cir.1972); *Northwestern National Insurance Co. v. Kirchoff*, 427 S.W.2d 638 (Tex.Civ.App.—Houston [14th Dist.] 1968, no writ); and *Standard Fire Ins. Co. v. Ratcliff*, 537 S.W.2d 355 (Tex.Civ.App.— Waco 1976, no writ).

An examination of these authorities reveals that none is authority for the proposition that a policy such as the one in this case is a collateral source by virtue of the fact that it applies to all injuries, not merely those for which the employer might be negligent.

In the *Southern Pacific* case, the employee received payments from a group policy, which covered both on and off-the-job injuries. The terms of the policy were obtained as the result of a collective bargaining agreement between a union and the employer. Under those facts, the court held that the trial court was justified in finding that the insurance coverage constituted a fringe benefit. *Southern Pacific Transportation Co.*, 525 S.W.2d at 307.

In *Haughton*, the payments came from retirement funds funded solely by the employer, pursuant to a contract with the National Maritime Union. *Haughton*, 462 F.2d at 790. The court held that the retirement funds were a collateral source. *Id.* at 791. The *Northwestern Natl. Ins. Co.* case involved payments which the employee received from his company's group hospitalization plan, a plan which excluded claims arising from incapacity compensable under the Worker's Compensation Act. The court held that since the hospitalization carrier and the Worker's Compensation carrier were not in privity with each other, the plaintiff's inconsistent claim did not constitute a bar to his claim for worker's compensation. *Northwestern National Insurance Co.*, 427 S.W.2d at 642.

Finally, the *Standard Fire Ins. Co.* case involves payments which the employee received from an insurance policy. The court held that the worker's claim for medical services against his employer's Worker's Compensation carrier is not defeated because the expenses were paid under the terms of the policy. *Standard Fire Ins.*

*Co.*, 537 S.W.2d at 359. Nothing in the opinion indicates that the insurance policy in question was provided by the employer. If provided by the employer, it was obviously not provided by the employer as any substitute for worker's compensation insurance.

Doss points out that the policy in question specifically provides that the policy is not in lieu of, and does not affect any requirement for coverage by Worker's Compensation Act. We interpret that provision as one which puts the policy holder on notice that if it wishes to avoid claims for common law damages it must still purchase worker's compensation insurance. The provision does not change the fact that the policy was purchased in the absence of worker's compensation insurance for the apparent purpose of limiting the appellant's exposure to common law claims resulting from on-the-job injuries. We overrule point of error number five.

The judgment is reformed so that the amount recovered by Doss is reduced to $520,000 and the amount subject to prejudgment interest is reduced to $20,000. We affirm the judgment as reformed.