CMM GRAIN COMPANY, INC., Charlie Myers, Individually d/b/a Charlie Myers Grain Company, Mary Myers, Charlie Myers, Jr., and Alfredo Jaimes, Appellants,

v.

Paul OZGUNDUZ, Appellee.

No. 2–98–156–CV.

Court of Appeals of Texas, Fort Worth.

April 22, 1999.

438

Charles M. Barnard, Wichita, Chad Williams, Seymour, for appellant.

Bernard A. Guerrini, P.C., and Bernard A. Guerrini, John L. Thompson, Dallas, for appellee.

Before PANEL A: CAYCE, C.J.; DAY and RICHARDS, JJ.

1. Charlie and Mary Myers are the sole shareholders of CMMGC, Inc., which the jury found to be their alter ego.

2. The designation of parties shows Charlie Myers Grain Company as the assumed name

## OPINION

JOHN CAYCE, Chief Justice.

CMM Grain Company, Inc., Charlie Myers, individually and d/b/a Charlie Myers Grain Company, Mary Myers, Charlie Myers, Jr., and Alfredo Jaimes (collectively "appellants") appeal the trial court's judgment denying an offset for medical and disability benefits paid to appellee Paul Ozgunduz for an on-the-job injury under an insurance policy issued to Charlie Myers Grain Company. We will affirm the trial court's judgment.

On July 8, 1993, Ozgunduz was injured during the course of his employment with appellant CMM Grain Company, Inc. ("CMMGC, Inc.").[1] Thereafter, Philadelphia American Life Insurance Company paid Ozgunduz approximately $61,000 for his job-related injuries plus disability benefits under an occupational death and disability policy issued to "Charlie Myers Grain Company."[2] Ozgunduz later sued CMMGC, Inc. and the other appellants for negligence, premises liability, negligence per se, and gross negligence, seeking past medical expenses, lost wages, and lost earning capacity as damages. In their answer to the suit, appellants requested an offset against any potential judgment in the amount Philadelphia American paid Ozgunduz under the policy issued to Charlie Myers Grain Company.

The case was tried by a jury. At the conclusion of the trial, the trial court held a hearing on the offset claim which the court later denied by written order. On April 28, 1998, the trial court rendered a joint and several judgment against appellants based on the jury's verdict awarding Ozgunduz damages totaling $166,789.39.

The question we have been asked to decide is whether the trial court erred by

of appellant Charlie Myers. However, in his answer and response to interrogatories, Mr. Myers alleged that Charlie Myers Grain Company is the assumed name of CMMGC, Inc.

refusing to credit appellants with the amount Philadelphia American paid to Ozgunduz under the policy issued to Charlie Myers Grain Company. Before reaching this question, however, we must determine whether appellants have satisfied the requirements for presenting this appeal with a partial reporter's record. In their notice of appeal, appellants stated that they "desire to appeal all rulings and orders of the trial court that dealt with the denial of the offset of benefits." Consequently, the only portion of the reporter's record requested by appellants, and filed by the court reporter, is the hearing on the offset claim. Appellants, however, did not include in their request for the partial reporter's record a "statement of the points or issues to be presented on appeal." TEX.R.APP. P. 34.6(c)(1).

Appellate Rule 34.6(c)(1) sets out the exclusive procedures for appealing with a partial reporter's record:

(c) *Partial Reporter's Record.*

(1) Effect on Appellate Points or Issues. If the appellant requests a partial reporter's record, the appellant must include in the request a statement of the points or issues to be presented on appeal and will then be limited to those points or issues.

*Id.* This rule allows an appellant to reduce the expense of an appeal by abridging the reporter's record and thereby limit the appellate court's review to only those portions of the record that are relevant to the points raised in the appeal.[3] If an appellant complies with Rule 34.6(c)(1) by including with the request for a partial reporter's record a statement of points or issues to be presented on appeal, the reviewing court must "presume that the partial reporter's record designated by the parties constitutes the entire record for

purposes of reviewing the stated points." *Id.* 34.6(c)(4). If, on the other hand, an appellant fails to comply with Rule 34.6(c), the contrary presumption arises and the reviewing court must instead presume that the missing portions of the record do ·contain relevant evidence and that the omitted evidence supports the trial court's judgment. *See id.*

■ As with its predecessor, Rule 53(d), strict compliance with Rule 34.6(c) is necessary to activate the presumption that the omitted portions of the record are irrelevant. *See Christiansen v. Prezelski,* 782 S.W.2d 842, 843–44 (Tex.1990) (discussing the necessity of strict compliance with former Rule 53(d)). Generally, this means that both the request for a partial reporter's record and the statement of points must be timely filed and appear in the appellate record.[4] *See Schafer,* 813 S.W.2d at 155 (discussing former Rule 53(d)). Furthermore, while the terminology of the statement of points need not be exact, the statement should describe the nature of the complained of error with reasonable particularity. *See Kwik Wash Laundries, Inc. v. McIntyre,* 840 S.W.2d 739, 741 (Tex.App.—Austin 1992, no writ).

■ In the instant case, appellants announced in their notice of appeal the desire to limit their appeal to the trial court's denial of their offset claim. However, neither the notice of appeal nor the request for a partial reporter's record contains any "statement of the points or issues to be presented on appeal." TEX. R.APP. P. 34.6(c)(1). We conclude that a general statement identifying the portion of the judgment appealed from and declaring an intention to appeal that portion of the judgment is insufficient to satisfy the narrow purpose of Rule 34.6(c). We must

---

3. When a request for a partial reporter's record is made, any other party may designate additional exhibits and portions of the testimony to be included in the reporter's record. *See id.* 34.6(c)(2).

4. Although Rule 34.6(c)(1) indicates that the statement of points must be included "in" the request for a partial reporter's record, the rule is complied with if the statement of points is filed in a separate document with the request. *See Schafer v. Conner,* 813 S.W.2d 154, 155 (Tex.1991).

therefore presume that the omitted portions of the record are relevant to this appeal and that the missing evidence supports the trial court's judgment. *See id.* 34.6(c)(4); *Schafer,* 813 S.W.2d at 155.

In their sole point, appellants argue that they are each entitled to an offset against the entire judgment because the purpose of the Philadelphia American policy was to replace workers' compensation insurance and to limit the common law exposure of Ozgunduz's employer in the event of a work-related injury. *See Castillo v. American Garment Finishers Corp.,* 965 S.W.2d 646, 650 (Tex.App.—El Paso 1998, no pet.) (judgment against employer may be offset by the amount of benefits paid under an accident policy); *Tarrant County Waste Disposal, Inc. v. Doss,* 737 S.W.2d 607, 611 (Tex.App.—Fort Worth 1987, writ denied) (same). Ozgunduz urges that we affirm the trial court's judgment denying the offset because the policy was issued to Charlie Myers Grain Company and not to Ozgunduz's employer, CMMGC, Inc., or any other named appellant, and thus the policy constituted a collateral source the benefits from which cannot be credited to any appellant. *See* RESTATEMENT (SECOND) OF TORTS § 920A (1977) (tort-feasor does not get the benefit of payment conferred by another source); *see also Brown v. American Transfer & Storage Co.,* 601 S.W.2d 931, 934 (Tex.) (collateral source rule precludes wrongdoer from receiving credit for insurance procured by another), *cert. denied,* 449 U.S. 1015, 101 S.Ct. 575, 66 L.Ed.2d 474 (1980).

■ Appellants' failure to comply with Rule 34.6(c) is fatal to their appeal. A partial reporter's record unaided by the presumption of Rule 34.6(c)(4) does not provide us with a sufficient record to determine whether the Philadelphia American policy covered any appellant, and, if so, whether the trial court erred in refusing to credit appellants with the amounts paid Ozgunduz under the policy. Because appellants did not comply with Rule 34.6(c), or bring forth a complete reporter's record, we presume the omitted evidence supports the trial court's judgment denying the offset credit and we overrule appellants' point. *See Schafer,* 813 S.W.2d at 155; *Christiansen,* 782 S.W.2d at 843.[5]

The trial court's judgment is affirmed.

---

5. We note that the trial court excluded on relevancy grounds a letter dated October 3, 1991, from Charlie Myers to the Texas Workers' Compensation Commission which suggests that the policy may have been purchased by CMMGC, Inc. and issued under CMMGC, Inc.'s assumed name, Charlie Myers Grain Company. Appellants, however, do not challenge the exclusion of this letter on appeal, and, as a result, we cannot consider it.

*See San Jacinto River Auth. v. Duke,* 783 S.W.2d 209, 210 (Tex.1990); *Allright, Inc. v. Pearson,* 735 S.W.2d 240, 240 (Tex.1987). Even if we were permitted to consider the letter in determining whether the policy covered CMMGC, Inc., we must nevertheless presume that the remainder of the reporter's record contained evidence supporting the trial court's judgment.