**Billy Keith HILTON, Appellant,**

v.

**HILLMAN DISTRIBUTING COMPANY, Appellee.**

No. 06–99–00092–CV.

Court of Appeals of Texas, Texarkana.

Submitted Feb. 7, 2000.

Decided Feb. 16, 2000.

Mark Omar Midani, Midani & Associates, P.C., Houston, for appellant.

Kurt T. Nelson, H. Dwayne Newton, Nelson McCormick Hancock & Newton, Houston, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice GRANT.

Billy Hilton appeals from a take-nothing jury verdict against him in his personal injury lawsuit against Hillman Distributing Company. Hilton contends that the trial court erred by sustaining objections by Hillman Distributing to the admission of specific testimony by his expert witness.

The facts as set out are taken from the appellant's version of the facts, because counsel chose to file a limited record. The only matter raised on appeal refers to the failure to admit testimony by the expert, and counsel chose to provide a reporter's record only of that expert's testimony.

Hilton is an electrician employed by Dempsey Electrical. Dempsey was a subcontractor hired by Hillman Distributing to work on electrical equipment in Hillman's building. While Hilton was working on a cooler top, twenty feet from the ground, he braced himself on a duct that was not sufficiently secured to support his weight and fell off the cooler. Hilton caught himself on the edge of the cooler, but was unable to pull himself back up onto the top. No one else was in the area, and eventually Hilton turned loose and fell to the floor. Hilton sought damages for the injuries sustained in the fall. The jury found that Hillman Distributing was not negligent.

Hilton contends that the court erred by excluding specific testimony by Edward Zeigler, who testified as an expert for the plaintiff in connection with safety concerns on worksites.

## Failure to comply with the Rules of Appellate Procedure

■ Hilton filed a partial reporter's record containing only the testimony and a bill of exceptions connected with his expert witness. Hilton did not, however, comply in any respect with the rules that permit the filing and use of a partial record. TEX. R.APP. P. 34.6(c) provides that

(1) Effect on Appellate Points or Issues. If the appellant requests a partial reporter's record, the appellant must include in the request a statement of the points or issues to be presented on appeal and will then be limited to those points or issues.

Hilton did not file any formal request for preparation of a reporter's record, nor did he file any document that would in any way have provided the information that the rule requires, i.e., a statement of the points or issues to be presented on appeal.

■ Strict compliance with Rule 34.6(c) is necessary to activate the presumption that the omitted portions of the record are irrelevant. *CMM Grain Co. v. Ozgunduz,* 991 S.W.2d 437, 440 (Tex.App.-Fort Worth 1999, no pet.); *see Christiansen v. Prezelski,* 782 S.W.2d 842, 843–44 (Tex.1990) (discussing the necessity of strict compliance with former Rule 53(d) predecessor to Rule 34.6(c)). This means that both the request for a partial reporter's record and the statement of points or issues to be presented on appeal must be timely filed and appear in the appellate record. *CMM,* 991 S.W.2d 437; *see Schafer v. Conner,* 813 S.W.2d 154, 155 (Tex. 1991) (discussing former Rule 53(d)). In the present case, no such request or any document that might provide the same in-

formation was filed of record.[1] This, in effect, prevents the other party from requesting additional portions of the record that might be relevant to the appeal.

Unlike *CMM*, cited above, in which the appellants announced in their notice of appeal the desire to limit their appeal, in the present case no such information was provided in any format. Furthermore, as in *CMM*, the notice of appeal itself did not contain any "statement of the points or issues to be presented on appeal...." Tex.R.App. P. 34.6(c)(1);[2] *see also Jaramillo v. Atchison, Topeka & Santa Fe Ry. Co.*, 986 S.W.2d 701, 702 (Tex.App.-Eastland 1998, no pet.).

We also note that a general description of the proposed contentions of error has been held insufficient to provide the level of particularity necessary to effectively limit the scope of the appeal. *Gardner v. Baker & Botts*, 6 S.W.3d 295, 298 (Tex. App.-Houston [1st Dist.] 1999, no pet. h.); *see CMM*, 991 S.W.2d at 439–40 (a general statement identifying the portion of the judgment the party intended to appeal is insufficient to satisfy Rule 34.6(c)); *Kwik Wash Laundries, Inc. v. McIntyre*, 840 S.W.2d 739, 741 (Tex.App.-Austin 1992, no writ). Without such a specific statement, the appellee is left to guess which additional portions of the evidence it should seek to include in the statement of facts. *See Superior Packing, Inc. v. Worldwide Leasing & Financing, Inc.*, 880 S.W.2d 67, 70 (Tex.App.-Houston [14th Dist.] 1994, writ denied).

When the requisite information is not provided as the rule requires, we must presume that the omitted portions of the record are relevant to this appeal and that the missing evidence supports the trial court's judgment. *See* Tex.R.App. P. 34.6(c)(4); *CMM*, 991 S.W.2d at 440; *Schafer*, 813 S.W.2d at 155.

 Hilton contends the trial court committed reversible error in failing to admit certain evidence. To determine whether the trial court's allegedly erroneous evidentiary rulings constituted harmful error, we must examine the entire record. *Gardner*, 6 S.W.3d at 298; *Christiansen*, 782 S.W.2d at 843. Because Hilton failed to comply with Rule 34.6(c), we must presume the evidence omitted from the record would have shown that error, if any, was harmless. *Id.*

The judgment is affirmed.

---

**1.** Furthermore, while the terminology of the statement of points or issues to be presented on appeal need not be exact, the statement should describe the nature of the complained-of error with reasonable particularity. *CMM Grain Co. v. Ozgunduz*, 991 S.W.2d 437, 440 (Tex.App.-Fort Worth 1999, no pet.); *see Kwik Wash Laundries, Inc. v. McIntyre*, 840 S.W.2d 739, 741 (Tex.App.-Austin 1992, no writ).

**2.** Although Rule 34.6(c)(1) indicates that the statement of points must be included "in" the request for a partial reporter's record, the rule is complied with if the statement of points is filed in a separate document with the request. *See Schafer v. Conner*, 813 S.W.2d 154, 155 (Tex.1991).