COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-226-CV

 

 

FORREST BARBER                                                               APPELLANT

 

                                                   V.

 

GUILLERMO PINO, M.D.                                                          APPELLEE

 

                                              ------------

 

             FROM
THE 30TH DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Forrest Barber sued Guillermo
Pino, M.D. alleging that Dr. Pino was negligent in his care and treatment of
Barber.  A jury returned a verdict in
favor of Dr. Pino.  Barber filed a motion
for new trial, which the trial court denied. 
In his sole issue, Barber argues that the trial court erred in denying
his motion for new trial based on jury misconduct.  We affirm. 








Barber did not provide a
complete reporter=s record on
appeal, nor did he file a request for a partial reporter=s record with a statement of points to be relied upon on appeal.
Therefore, we must presume the omitted portions of the reporter=s record support the trial court=s judgment denying his motion for new trial.[2]


Accordingly, we overrule
Barber=s sole issue and affirm the trial court=s judgment.  

 

PER CURIAM

 

PANEL
A:   CAYCE, C.J.; LIVINGSTON and GARDNER, JJ.

 

DELIVERED:  January 19, 2006

 

 











[1]See Tex. R. App. P. 47.4.





[2]Christiansen
v. Prezelski, 782 S.W.2d 842, 843 (Tex. 1990) (per curiam)
(stating that an incomplete reporter=s record prevents the
reviewing court from determining whether the trial court=s
ruling is reversible error in the context of the whole case and without a
complete record, the appellate court will presume that the omitted evidence
supports the trial court=s
judgment); CMM Grain Co. Inc. v. Ozgunduz, 991 S.W.2d 437, 440 (Tex.
App.CFort
Worth 1999, no pet.) (holding that appellant must either comply with rule 34.6
or provide a complete record on appeal in order to avoid the presumption that
the omitted evidence  supports the trial
court=s
judgment); see Tex. R. App. P.
34.6(c)(1) (providing that an appellant may bring forward a partial reporter=s
record if the appellant includes in the request for a partial reporter=s
record a statement of points to be relied upon on appeal).