

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00052-CV

TONY R. JIMENEZ AND CYNTHIA L. JIMENEZ, APPELLANTS

V.

METLIFE HOME LOANS, A DIVISION OF METLIFE BANK, N.A., APPELLEE

On Appeal from the 348th District Court
Tarrant County, Texas
Trial Court No. 348-248450-10, Honorable Dana M. Womack, Presiding

March 31, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

This is an appeal from an order striking the pleadings of and dismissing, with prejudice, the suit filed by Tony R. Jimenez and Cynthia L. Jimenez (Jimenez).[1]  The latter had sued Metlife Home Loan, a division of Metlife Bank, N.A., (Metlife) challenging its authority to foreclose upon their home.  Jimenez contends that 1) the order was an improper sanction, 2) there was no direct relationship between their offense and the

---

[1] The cause was transferred from the Fort Worth Court of Appeals to the Amarillo Court of Appeals.  Thus, we are obligated to apply the former's precedent when disposing of it.  TEX. R. APP. P. 41.3.

sanction, 3) a lesser sanction would have been appropriate, and 4) the trial court abused its discretion in failing to grant their motion to reinstate.  We affirm the order.

The sanction at issue involved discovery abuse, that is, Jimenez failed to respond to multiple efforts at discovery.  Included within that abuse were their refusal to comply with court orders requiring such discovery.   And whether intentional or innocent, counsel for Jimenez structures his argument before us in a somewhat misleading way.  That is, he tells us that the trial court's decision to dismiss arose simply from their failure to appear at a deposition.  Nothing is said of his client's prior instances of misconduct.

Suit was filed on September 9, 2010.  Metlife served requests for production of documents, requests for admissions, and interrogatories in June 2012.  Jimenez did not respond, even though Metlife notified them of their failure.

In November 2012, Metlife served a second request for production of documents, requests for admissions, and interrogatories.  They too met with no response, despite Metlife again notifying Jimenez of the failure.

On April 24, 2013, Metlife filed a motion to compel responses to its discovery requests.  At that time, trial was set for June 10, 2013. The trial court entered an order granting the motion to compel and ordering responses to be served within ten days. Jimenez ignored the order, even though their attorney agreed to it.  That resulted in Metlife moving for sanctions and to hold Jimenez in contempt.   It also sought a continuance of the trial date.   The continuance was granted, and the trial was postponed to October 28, 2013.  The trial court also levied sanctions by awarding $750 to Metlife and ordering Jimenez to present themselves for depositions during the three weeks beginning July 24, 2013.  The parties apparently agreed on the deposition date

2

of August 8th.  As before, Jimenez again failed to cooperate; that is, neither appeared for deposition because one of them supposedly was ill.  Nor did they suggest alternate deposition dates.

Thereafter, Metlife again moved for sanctions and an order of contempt.  That motion was heard on October 3, 2013.  No transcription of the hearing appears of record.[2]  Nonetheless, it resulted in the trial court striking the pleadings of Jimenez and dismissing their claims with prejudice.[3]  About thirty days later, Jimenez moved to reinstate the cause, which motion the trial court denied on December 12, 2013.

The pertinent standard of review is abused discretion.  *Low v. Henry,* 221 S.W.3d 609, 614 (Tex. 2007); *Cire v. Cummings*, 134 S.W.3d 835, 838 (Tex. 2004).  Therefore, we may reverse the trial court's decision only if it is arbitrary or unreasonable.  *Cire v. Cummings*, 134 S.W.3d at 839.

Next, if a party fails to respond to discovery requests, the court may enter an order 1) disallowing any further discovery of any kind or a particular kind, 2) charging all or any portion of the expenses of discovery or taxable costs or both against the disobedient party or his attorney, 3) directing that certain matters shall be taken to be established for the purpose of the claim, 4) refusing to allow the disobedient party to support or oppose designated claims or defenses or prohibiting him from introducing

---

[2] While the record suggests that Jimenez may have requested the document, nothing indicates that they made arrangements to pay or paid for it.  Nor did Jimenez request this court to assist in obtaining the missing record.  Thus, we have little choice but to conclude that they waived any opportunity to secure it or otherwise opted not to get it.

[3] Though counsel for Jimenez represents in his brief that the trial court knew his clients had provided all outstanding discovery by the October 3rd hearing, nothing of record supports the proposition.  Nor does it support the suggestion that Jimenez responded to any discovery propounded by Metlife.  Indeed, counsel even omits citation to the record purportedly supporting the statement, and representations of purported fact made by counsel only in his brief are not evidence.  *Vanderbilt v. State*, 629 S.W.2d 709, 718 (Tex. Crim. App. 1981) (stating that assertions in an appellate brief that are unsupported by the record will not be accepted).

designated matters in evidence, 5) striking out pleadings or parts thereof or staying further proceedings until the order is obeyed or dismissing with or without prejudice the action or any part thereof or rendering a default judgment, 6) holding the defaulting party to be in contempt, and 7) requiring the disobedient party or his attorney to pay reasonable expenses caused by the failure. TEX. R. CIV. P. 215.2(b). However, the sanction not only must be no more severe than necessary to satisfy its legitimate purpose, *Cire v. Cummings,* 134 S.W.3d at 839, but also have a direct relationship to the improper conduct. *Am. Flood Research, Inc. v. Jones*, 192 S.W.3d 581, 583 (Tex. 2006). The court is to make certain that less severe sanctions would not have been sufficient to promote compliance. *Id.* And, though death penalty sanctions may be imposed only when the facts are exceptional and the sanction is clearly justified, *Spohn Hosp. v. Mayer*, 104 S.W.3d 878, 882 (Tex. 2003), such circumstances may arise when a party's hindrance of the discovery process justifies a presumption that its claims lack merit. *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.3d 913, 918 (Tex. 1991). With that said, we turn to the record at bar.

As previously mentioned, the appellate record contains only the clerk's record; that is, Jimenez failed to obtain a reporter's record of the contempt/sanctions hearing held on October 3rd.[4] Nor does the appellate record illustrate that they paid for or arranged to pay for it with the court reporter. This default has consequences. Because of it, we must presume "that the omitted portions of the record are relevant to this appeal and that the missing evidence supports the trial court's judgment" or decision. *CMM Grain Co. v. Ozgunduz*, 991 S.W.2d 437, 439-40 (Tex. App.—Fort Worth 1999, no pet.); *accord In re Guardianship of Winn*, 372 S.W.3d 291, 298 (Tex. App.—Dallas

---

[4] The docket sheet notes that the hearing was "on the record."

4

2012, no pet.) (stating the same). Due to this presumption, we presume that the evidence presented at the October 3rd hearing supported the trial court's implicit decision that striking Jimenez's pleadings and dismissing their suit was the least appropriate sanction warranted and that their hindrance of the discovery process justified a presumption that their claims lacked merit.

Yet, we need not rely simply on the aforementioned presumption for aspects of the clerk's record also support the decision to levy the sanction at issue. Again, it illustrates that Jimenez avoided discovery on several occasions, that Metlife had to move the trial court for help, that the trial court ordered Jimenez to respond to outstanding discovery requests, that Jimenez ignored the court's order, that the trial court levied additional sanctions in the form of awarding Metlife attorney's fees and directed Jimenez to submit to depositions, and that Jimenez failed to comply with the latter directive as well. Finally, trial on the merits was set less than thirty days away when the court decided to levy the ultimate sanction.

As stated by our Supreme Court in *TransAmerican,* ". . . if a party refuses to produce material evidence, despite the imposition of lesser sanctions, the court may presume that an asserted claim or defense lacks merit and dispose of it." *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.3d at 918; *accord Davenport v. Scheble*, 201 S.W.3d 188, 194 (Tex. App.—Dallas 2006, pet. denied) (stating the same); *see also Weinberger v. Longer*, 222 S.W.3d 557, 571 (Tex. App.—Houston [14th Dist.] 2007, pet. denied) (finding that death penalty sanctions were not an abuse of discretion when the trial court had twice ordered Weinberger to supplement or respond to discovery which involved evidence material to his claim). To that, we add the words

5

of the Fort Worth Court of Appeals: ". . . when, as here, a plaintiff files an action and then actively frustrates all legitimate attempts by a defendant to define the cause of action and investigate potential defenses, there is a direct relationship between the plaintiff's conduct and the trial court's dismissal of the action . . . [and a] party who will not 'play by the rules' even after repeated orders to do so should not be allowed to play at all." *Chasewood Oaks Condos. Homeowners Ass'n v. Amatek Holdings,* 977 S.W.2d 840, 845 (Tex. App.—Fort Worth 1998, pet. denied). By avoiding discovery, Jimenez frustrated Metlife's efforts to prepare its defense and for trial. Their conduct went so far as to ignore court directives ordering discovery. Though they opine that lesser sanctions were appropriate, they do not suggest what lesser sanction might have encouraged them to abide by the discovery rules and the trial court's orders. Indeed, the lesser sanctions levied earlier had no effect on them. So, we cannot fault the trial court for implicitly concluding that there existed a direct relationship between their misconduct and its decision to dismiss. Nor can we fault the implicit finding that their misconduct justified a presumption that their suit lacked merit.

To the extent that Jimenez suggests they had no notice of the potential for dismissal, we refer to the final motion for contempt and sanctions of Metlife as basis for rejecting the contention. Therein, Metlife wrote "Defendant requests that Plaintiffs' pleadings be stricken in accordance with Rule 215.2(b)(5) of the Texas Rules of Civil Procedure and that the Court dismiss this matter with prejudice." The certificate of conference appended to the motion reveals not only that counsel for Metlife phoned counsel for Jimenez about the motion but also that the latter did not exercise the courtesy of returning the call. So too does the motion contain a certificate of service

6

indicating that the document was served on counsel for Jimenez. Simply put, Jimenez had notice that dismissal could occur, and the argument to the contrary is quite disingenuous.

Furthermore, Supreme Court precedent, such as *TransAmerica*, revealed long ago that dismissal may result from repeated discovery abuse. And, when Jimenez had opportunity to broach the topic via their motion to reinstate, they did not do it.[5] Thus, the complaint not only lacks merit but was unpreserved for review.

Simply put, the trial court did not abuse its discretion in striking Jimenez's pleadings and dismissing the suit with prejudice. Nor do we find error in its decision refusing to reinstate the cause. Accordingly, we affirm its final order.


Brian Quinn
Chief Justice


.

---

[5] Indeed, their motion to reinstate (which was filed at the latest possible time) speaks of how they should be allowed to try their complaint and how they are ready to proceed. Little is said of cooperating with Metlife and complying with the rules of discovery. Little is said of complying with the prior court orders mandating discovery. Little legal authority is cited to support what they say. Nor were any of their factual allegations supported by any other than utterance by counsel. Indeed, he seems to misunderstand that dismissal arose from repeated discovery abuse, not some delay in prosecuting the suit. Yet, the tenor of the motion focuses on their willingness to prosecute it diligently. Jimenez attempted to make the situation all about them in the motion, but the right of Metlife to defend itself and prepare for trial must also be considered.