

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00136-CV

DAVID DEAN DAWSON AND                           APPELLANTS
ELIZABETH TORRES

V.

FAYE DIANE LIPHAM                                      APPELLEE

----------

### FROM THE 158TH DISTRICT COURT OF DENTON COUNTY
### TRIAL COURT NO. 2013-20042-158

----------

## MEMORANDUM OPINION[1]

----------

Appellants David Dean Dawson and Elizabeth Torres, pro se, appeal from the trial court's judgment awarding their neighbor Appellee Faye Diane Lipham damages against Torres on Lipham's claim of nuisance and granting Lipham a permanent injunction against Dawson and Torres. Because Dawson and Torres

---

[1]*See* Tex. R. App. P. 47.4.

did not preserve some of their complaints about the trial court's judgment, and because we must presume that the record supports the other challenged parts of the trial court's judgment, we affirm.

The parties live in a community next to Lewisville Lake. Dawson sued Lipham for intentional infliction of emotional distress, tortious interference, and defamation. Lipham answered, filed counterclaims for nuisance and trespass, and sought a temporary and permanent injunction against Dawson. Lipham also filed a third-party petition adding Torres as a defendant, pleading claims for nuisance and assault and seeking a permanent injunction. Torres filed counterclaims against Lipham.

After a bench trial, the trial court rendered a directed verdict on Lipham's assault claim. The trial court rendered judgment after the bench trial's conclusion and later signed a final judgment reflecting its prior rendition that Lipham was entitled to recover damages of $5,748.75 from Torres on her nuisance claim. The judgment further stated that Dawson and Torres were permanently enjoined from (1) trespassing on any portion of Lipham's property; (2) "[p]roducing noise at a decibel level that violates normal noise ordinances, as promulgated by the City of Denton, Texas[,] from any boat or vehicle that crosses onto" Lipham's property; (3) directing beams of light at Lipham's property "for any period exceeding five seconds, and no more than four such instances within a two hour period"; (4) racing their engines in front of Lipham's property; and (5) honking car horns in front of Lipham's property.

## Discussion

Dawson and Torres ask in their sole issue whether factually sufficient evidence supports the trial court's judgment. Under this issue, they include a number of other arguments. Although Dawson and Torres filed a joint brief and appeal, neither has standing to appeal the parts of the judgment against only the other,[2] but we will discuss the arguments together for convenience.

Lipham points out in her brief that Dawson and Torres requested only part of the reporter's record—specifically, excerpts of the testimony of two witnesses from the trial. Lipham argues that Dawson and Torres failed to comply with appellate procedure rule 34.6(c)[3] and that Lipham is consequently entitled to a presumption that the omitted remainder of the record supports the judgment.

Rule 34.6(c) states, "If the appellant requests a partial reporter's record, the appellant must include in the request a statement of the points or issues to be presented on appeal and will then be limited to those points or issues."[4] If a party complies with this rule, then "[t]he appellate court must presume that the partial

---

[2]*See Torrington Co. v. Stutzman*, 46 S.W.3d 829, 843 (Tex. 2000) (stating that "an appealing party may not complain of errors that do not injuriously affect it or that merely affect the rights of others").

[3]*See* Tex. R. App. P. 34.6(c).

[4]*Id.*

reporter's record designated by the parties constitutes the entire record for purposes of reviewing the stated points or issues."[5]

Lipham is correct that when the reporter's record is necessary to the appeal, and the appellant requests only a partial record but never submits a statement of points or issues, we must presume that the omitted portion of the record supports the trial court's judgment.[6] This result "ordinarily has the practical effect of destroying an appellant's right to appeal."[7] When Dawson and Torres requested a partial record from the court reporter, they did not include a statement of issues or points. We have not found such a statement anywhere else in the record.[8] Accordingly, we cannot review the evidence at trial to determine whether the evidence is legally or factually sufficient to support the judgment, and we must presume that the record supports the trial court's judgment. We overrule this part of Torres's and Dawson's issue.

Dawson and Torres further contend that Lipham did not comply with the deadlines for discovery or for amending her pleadings. They argue that they

---

[5]*Id.*

[6]*Bennett v. Cochran*, 96 S.W.3d 227, 229 (Tex. 2002); *CMM Grain Co. v. Ozgunduz*, 991 S.W.2d 437, 439–40 (Tex. App.—Fort Worth 1999, no pet.).

[7]*W & F Transp., Inc. v. Wilhelm*, 208 S.W.3d 32, 38 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (op. on reh'g).

[8]*See CMM Grain*, 991 S.W.2d at 439 & n.4 (stating that when a partial reporter's record is requested, both the request for a partial reporter's record and the statement of issues or points must be timely filed and appear in the appellate record, but they may be filed in separate documents).

4

requested the trial court to exclude any of Lipham's evidence that had not been disclosed by the discovery deadline in the trial court's scheduling order. Torres filed a motion to strike Lipham's late filed pleadings and a motion to exclude some of Lipham's evidence and witnesses at trial. The record does not show that the trial court ever ruled on the motions. Without a complete record, we cannot determine if they objected if or when that evidence was admitted at trial or if Torres and Dawson waived their complaint about the petition amendment at trial.[9] And if the amendment of Lipham's petition or the admission of evidence was an abuse of discretion, without a record, we cannot determine if either action caused Dawson and Torres harm.[10] We overrule this part of Torres's and Dawson's issue.

Dawson and Torres also complain that the trial court erred "by ignoring testimony to determine civil conspiracy." Without a complete reporter's record, we cannot say whether the trial court ignored any such evidence or whether Dawson and Torres were harmed by it.[11] We overrule this part of Torres's and Dawson's issue.

Torres makes several arguments that do not challenge the admissibility or sufficiency of the evidence at trial. Torres argues that her attorney did not tell her

---

[9]*See* Tex. R. App. P. 33.1.

[10]*See* Tex. R. App. P. 44.1.

[11]*See id.*

5

of Lipham's special exceptions to Torres's answer. Torres further complains that her claims against Lipham were nonsuited without her consent. Even accepting these statements as true, from the record before us, she never raised these complaints in the trial court, either before judgment or in a postjudgment motion. Her complaints were therefore not preserved for appeal.[12] And from the clerk's record, it does not appear that the trial court ruled on Lipham's special exceptions, and Torres has therefore not demonstrated that she was harmed by being unaware of the special exceptions.[13] We overrule this part of Torres's and Dawson's issue.

Dawson and Torres argue that the trial court abused its discretion by "dismissing and denying every Matter of Law motion [they] filed." The clerk's record shows only one "matter of law" motion filed by either Dawson or Torres— Torres's motion for no-evidence summary judgment. The trial court denied Torres's motion. However, "where a motion for summary judgment is denied by the trial judge and the case is tried on its merits, the order denying the motion for summary judgment is not reviewable on appeal."[14] We therefore do not review whether the trial court erred by denying her motion. We overrule this part of their issue.

---

[12] *See* Tex. R. App. P. 33.1

[13] *See* Tex. R. App. P. 44.1.

[14] *Horton v. Horton*, 965 S.W.2d 78, 88 (Tex. App.—Fort Worth 1998, no pet.).

6

Dawson argues that the injunction against him enjoins him from activities that are lawful and from the proper exercise of his lawful rights. Without the reporter's record, we must presume that the record supports the trial court's enjoining him from trespassing on Lipham's property, producing noise at a level that violates noise ordinances, directing beams of light at Lipham's property for more than five seconds at a time, racing engines in front of Lipham's property, and honking horns in front of Lipham's property.[15] Further, Dawson makes no argument about how the activities the trial court found he had engaged in, such as trespassing on Lipham's property, were lawful, or for how he had been enjoined from exercising his legal rights.[16] We overrule this part of his issue.

Dawson and Torres further argue that the injunction granted was not tied to any successful claims or requests for relief, that the injunction goes beyond what Lipham requested in her applications for injunctive relief, and that the injunction fails to identify the harm that will be suffered if it does not issue.

An order granting a temporary injunction must state the reason for its issuance, but this requirement does not apply to permanent injunctions.[17] As for their complaint that the injunction was not tied to any successful claims, we disagree. In her various pleadings filed against Dawson and Torres, Lipham

---

[15]*See Bennett*, 96 S.W.3d at 229; *CMM Grain*, 991 S.W.2d at 439–40.

[16]*See* Tex. R. App. P. 38.1(i).

[17]*Stephens v. City of Reno*, 342 S.W.3d 249, 254 (Tex. App.—Texarkana 2011, no pet.).

7

asserted nuisance and trespass claims against them. The trial court's judgment recited that, after the conclusion of the bench trial, it had rendered a judgment in favor of Lipham on her nuisance claim against Torres and on her claim that Dawson and Torres had intentionally engaged in a continuous course of wrongful conduct directed at her. In its findings of facts and conclusions of law, the court found that Dawson and Lawson's conduct interfered with Lipham's use and enjoyment of her home.[18]

Thus, although the trial court did not award Lipham damages on her claims against Dawson, the injunctive relief granted was tied to Lipham's successful claims for nuisance and trespass. And without the reporter's record, we must presume that the evidence supports the trial court's judgment. We overrule this part of their issue.

Finally, Dawson and Torres argue that the injunction goes beyond what Lipham requested in her pleadings. For four of the enjoined activities, we disagree. Lipham specifically alleged that they trespassed on her property, blared loud music outside her home, directed floodlights at her property, and honked car horns when driving by her home. The trial court enjoined those specific activities.

---

[18] *See Holubec v. Brandenberger*, 111 S.W.3d 32, 37 (Tex. 2003) (defining "nuisance" as "a condition that substantially interferes with the use and enjoyment of land by causing unreasonable discomfort or annoyance to persons of ordinary sensibilities attempting to use and enjoy it").

As for the fifth enjoined activity, the trial court found that "Dawson frequently and intentionally produced noise disturbances, including . . . engine racing, that interfered with [Lipham's quiet use and enjoyment] of her property." Although Lipham alleged that Torres sped her car towards Lipham on several occasions and that both Torres and Dawson drove past her house at night and honked their car horns, we have found no place in the record where Lipham pled that either Torres or Dawson had been racing their engines outside her home. But without the complete reporter's record, we cannot tell if the issue was tried by consent.[19] We overrule the remainder of Torres's and Dawson's first issue.

Lipham filed a motion asking this court to assess costs against Dawson and Torres. Lipham filed her own appeal in this case, which this court dismissed.[20] We decline to assess the costs of Lipham's dismissed appeal against Dawson and Torres, and we therefore deny her motion.

Having overruled each of the arguments included in Dawson's and Torres's sole issue, we affirm the trial court's judgment.

---

[19]*See Stern v. Marshall*, 471 S.W.3d 498, 522 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (holding that appellant who brought appeal without reporter's record waived complaint that judgment did not conform to the pleadings); *cf. Finley v. Finley*, No. 02-11-00045-CV, 2015 WL 294012, at *9 (Tex. App.—Fort Worth Jan. 22, 2015, no pet.) (holding that permanent injunction could not stand in the absence of pleadings requesting such relief, a trial amendment to add such a request, or trial of the issue by consent).

[20]*Dawson v. Lipham*, No. 02-15-00136-CV, 2016 WL 438394, at *1 (Tex. App.—Fort Worth Feb. 4, 2016, no. pet.).

/s/ Lee Ann Dauphinot  
LEE ANN DAUPHINOT  
JUSTICE

PANEL:  DAUPHINOT, GARDNER, and WALKER, JJ.

DELIVERED:  June 30, 2016