

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00141-CV

_____

KENNETH LYONS, Appellant

V.

DENTON INDEPENDENT SCHOOL DISTRICT, Appellee

_____

On Appeal from the 158th District Court
Denton County, Texas
Trial Court No. 15-05355-158

_____

Before Sudderth, C.J.; Meier and Kerr, JJ.
Memorandum Opinion by Justice Kerr

**MEMORANDUM OPINION**

This is an appeal from a take-nothing judgment in a retaliatory-discharge case. Kenneth Lyons, who is African American, sued his former employer, the Denton Independent School District, alleging race discrimination and retaliation for reporting the discrimination. Lyons's retaliation claim was tried to a jury, which found for DISD.

Proceeding on a partial reporter's record that includes only the jury-charge conference and selected trial exhibits, Lyons raises two issues challenging the jury instruction that accompanied the retaliatory-discharge question. We will affirm.

**Background**[1]

Lyons was employed as a paraprofessional at DISD's Ryan High School. According to Lyons, Beth Bishop, a school secretary, consistently talked to him as if he were "an uneducated African American in a condescending and disrespectful manner." On the morning of October 31, 2014, Lyons approached Principal Vernon Reeves to discuss the issues Lyons was having with Bishop. Lyons claimed that Reeves became angry and irritated, yelled at him to leave Bishop alone, and said that he did not have time for Lyons's complaints. After this exchange, Reeves attempted to meet with Lyons with a witness in Lyons's office, but Lyons refused because he

---

[1]Our background source material is limited because the partial reporter's record includes only the charge conference and a handful of trial exhibits from the eight-day jury trial.

wanted to meet with Reeves alone. According to Lyons, Reeves then threatened to call the police and told Lyons to leave, which he did.

On November 10, 2014, Lyons filed a written complaint with DISD in which he outlined his issues with Bishop and the confrontation with Reeves and stated, "It's apparent that African Americans on this campus have no right to voice their concerns with administration." Lyons also alleged that he overheard Rhonda Bean, an assistant principal, refer to him using a racial slur. Lyons's complaints went through DISD's three-level grievance system and were denied at each level.

In a letter dated March 11, 2015, DISD terminated Lyons's employment: DISD was no longer funding Lyons's position because the stated "objectives did not come to fruition" and based on Reeves's recommendation. Reeves recommended terminating Lyons because of (1) his October 31, 2014 confrontation with Reeves during which Lyons publicly accused Reeves of being a bigot; (2) concern for Reeves's and school staff's safety because of Lyons's unruly behavior on October 31, which led to the contacting of the Denton Police Department; and (3) Lyons's numerous and unsubstantiated racism accusations directed at several DISD employees and the district in general. DISD also stated in the letter that "[t]he delay in this notice of termination is due to the district's investigation of your accusations of mistreatment and racism."

Lyons filed discrimination charges against DISD with the Equal Employment Opportunity Commission and the Texas Workforce Commission Civil Rights

Division. After the EEOC and the TWC issued right-to-sue notices, Lyons sued DISD under the Texas Labor Code for race discrimination and retaliation. *See* Tex. Lab. Code Ann. §§ 21.051, .055 (West 2015).

The jury was asked whether DISD fired Lyons because he "opposed a discriminatory practice; made or filed a charge of discrimination; made or filed a complaint of discrimination; or testified, assisted, [or] participated . . . in an investigation, proceeding, or hearing concerning a complaint of discrimination[.]"[2] *See id.* § 21.055. With this question, the jury was instructed in relevant part as follows:

> Kenneth Lyons must also demonstrate a good-faith reasonable belief, that is he honestly believed, and a reasonable person would also believe under the existing circumstances, that DISD discriminated against him because of his race. Kenneth Lyons does not have to prove DISD actually discriminated against him because of his race, but must prove that he had a good-faith reasonable belief that DISD did so. The good-faith reasonable belief only applies to the DISD internal complaints and not to complaints made to the Equal Employment Opportunity Commission and Texas Workforce Commission.

Lyons objected to the instruction, asserting that the good-faith-reasonable-belief requirement did not apply to Lyons's written, internal complaints and his participation in the investigation but applied only to Lyons's actions before he filed his written complaints. The trial court overruled Lyons's objection.

The jury answered "no" to the retaliation question, and the trial court entered a take-nothing judgment on the verdict. On appeal, Lyons raises two issues: (1) the

---

[2]We cannot tell from the record why Lyons's race-discrimination claim was not submitted to the jury.

good-faith-reasonable-belief requirement does not apply to his internal race-discrimination complaints filed in accordance with DISD's policies and his participation in DISD's internal investigation process, and (2) the trial court erred by instructing the jury that it did.

## Proceeding under a partial record

In his request for a partial reporter's record, Lyons stated that he is appealing only the trial court's including the good-faith-reasonable-belief jury instruction "to protected activity that does not require a reasonable, good faith belief as discussed more fully in Plaintiff's Motion for New Trial filed on February 22, 2018." Consequently, the only portions of the reporter's record Lyons requested were (1) the charge conference and (2) eight of his trial exhibits.[3]

Appellate-procedure rule 34.6(c)(1) allows an appellant to reduce appellate expenses by abridging the reporter's record, thus limiting the appellate court's review to only those portions of the record relevant to the issues raised on appeal.[4] *CMM Grain Co., Inc. v. Ozgunduz*, 991 S.W.2d 437, 439 (Tex. App.—Fort Worth 1999, no pet.). "If the appellant requests a partial reporter's record, the appellant must include

[3]These exhibits include DISD's discrimination, harassment, and retaliation policy; Lyons's three internal complaints; DISD's denials of Lyons's level one and two complaints; and the termination letter.

[4]When a request for a partial reporter's record is made, any other party may designate additional exhibits and portions of the testimony to be included in the reporter's record. *See* Tex. R. App. P. 34.6(c)(2). Here, DISD did not do so.

5

in the request a statement of the points or issues to be presented on appeal and will then be limited to those points or issues." Tex. R. App. P. 34.6(c)(1). If an appellant complies with rule 34.6(c)(1) by including with the request for a partial reporter's record a statement of points or issues to be presented on appeal, the reviewing court must "presume that the partial reporter's record designated by the parties constitutes the entire record for purposes of reviewing the stated points." Tex. R. App. P. 34.6(c)(4). But if an appellant fails to comply with Rule 34.6(c), the contrary presumption arises: the reviewing court must instead presume that the missing portions of the record contain relevant evidence and that the omitted evidence supports the trial court's judgment. *CMM Grain*, 991 S.W.2d at 439; *see Bennett v. Cochran*, 96 S.W.3d 227, 230 (Tex. 2002) (stating that, absent a complete record on appeal, the appellate court must presume that omitted items support the trial court's judgment (quoting *Gallagher v. Fire Ins. Exch.*, 950 S.W.2d 370, 371 (Tex. 1997))).

To take advantage of the presumption rule 34.6(c) affords, an appellant must satisfy the rule's requirements. *See CMM Grain*, 991 S.W.2d at 439; *but see Bennett*, 96 S.W.3d at 229–30 (allowing a "slight relaxation" of rule 34.6, reasoning that "appellate rules are designed to further the resolution of appeals on the merits"). The points or issues should be described with some particularity; a general notice of stated points or issues is insufficient under rule 34.6(c)(1). *See Garcia v. Sasson*, 516 S.W.3d 585, 590 (Tex. App.—Houston [1st Dist.] 2017, no pet.); *Wheeler v. Greene*, 194 S.W.3d 1, 5 (Tex. App.—Tyler 2006, no pet.).

As noted, Lyons's request for the partial reporter's record set out that he wanted to appeal the trial court's inclusion of the good-faith-reasonable-belief jury instruction to cover activity that does not require such a belief. *See* Tex. R. App. P. 34.6(c)(1). His appellate issues are therefore limited to this issue, and we will implement rule 34.6(c)(4)'s presumption that the reporter's record as designated constitutes the entire record for purposes of reviewing Lyons's issues. *See* Tex. R. App. P. 34.6(c)(4).

## Analysis

Under the labor code, an employer commits an unlawful employment practice if the employer retaliates or discriminates against a person who (1) opposes a discriminatory practice; (2) makes or files a charge; (3) files a complaint; or (4) testifies, assists, or participates in any manner in an investigation, proceeding, or hearing. Tex. Lab. Code Ann. § 21.055. In two issues, Lyons argues that the trial court erred by instructing the jury that a good-faith, reasonable belief applied to his internal complaints because those complaints and his participation in DISD's internal investigation did not have to be based on a good-faith, reasonable belief that DISD had discriminated against Lyons because of his race. Assuming without deciding that this instruction was erroneous, we will consider whether that alleged error was harmful. *See Thota v. Young*, 366 S.W.3d 678, 686–87 (Tex. 2012) (assuming error and deciding issue based on harmful-error analysis).

7

Lyons argues that the alleged error probably caused the rendition of an improper judgment because "the requirement that Lyons have a good faith, reasonable belief in making his internal complaints and participating in the investigation are contested, critical issues requiring reversal and remand."[5] *See* Tex. R. App. P. 44.1(a)(1). "An incorrect jury instruction requires reversal only if it was 'reasonably calculated to and probably did cause the rendition of an improper judgment.'" *Bed, Bath, & Beyond, Inc. v. Urista*, 211 S.W.3d 753, 757 (Tex. 2006) (quoting *Reinhart v. Young*, 906 S.W.2d 471, 473 (Tex. 1995)); *see* Tex. R. App. P. 44.1(a)(1). "Charge error is generally considered harmful if it relates to a contested, critical issue." *Transcon. Ins. Co. v. Crump*, 330 S.W.3d 211, 225 (Tex. 2010) (quoting *Columbia Rio Grande Healthcare, L.P. v. Hawley*, 284 S.W.3d 851, 856 (Tex. 2009)). To determine whether an instruction probably caused an improper judgment, we must examine the entire record. *Urista*, 211 S.W.3d at 757. But because Lyons filed only a partial reporter's record in compliance with rule 34.6(c)(1), we presume that the partial reporter's record is the entire record for purposes of reviewing harm. *See* Tex. R. App. P. 34.6(c)(4); *Hong v. Bennett*, 209 S.W.3d 795, 805 (Tex. App.—Fort Worth 2006, no

---

[5]Lyons does not argue that *Casteel* and its progeny control this case, which, if they did, would require us to apply the reversible-error analysis used in presumed-harm cases—whether the error probably prevented Lyons from presenting his case to this court. *See* Tex. R. App. P. 44.1(a)(2); *see generally Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 388–89 (Tex. 2000).

pet.) (presuming partial reporter's record was the entire record for purposes of determining whether appellant was harmed by the admission of evidence).

Lyons asserts that he was harmed by the trial court's instructing the jury that a good-faith, reasonable belief applied to his internal complaints, arguing that he was not required to have such a belief when he filed his internal complaints of race discrimination and participated in DISD's internal investigation concerning those complaints. Lyons contends that had the jury not been instructed that he was required to have a good-faith, reasonable belief when he filed his internal complaints, it could have concluded that DISD terminated his employment because of "his numerous unsubstantiated accusations of racism . . . toward several Denton ISD employees and the district in general," which was one of the reasons Reeves recommended firing Lyons.

But even if the jury concluded that those accusations were the reason DISD terminated Lyons, making accusations of racism is not equivalent to filing internal complaints and participating in an internal investigation. The partial record before us shows that Lyons filed internal complaints complaining of DISD's alleged racism and that he participated in DISD's investigation of those complaints, but there is no evidence in the partial record that DISD fired Lyons for doing so. Presuming, as we must, that the partial record is the entire record for purposes of determining harm, there is no evidence upon which the jury could have found that Lyons was fired for filing internal complaints or for participating in DISD's investigation, even if the jury

9

had not been instructed that a good-faith, reasonable belief applied to those actions. And Lyons does not dispute that he was required to have a good-faith, reasonable belief for any actions that he took aside from his filing his internal complaints and participating in the investigation. Thus, based on the very limited record before us, we cannot say that the trial court's error (if any) probably resulted in an improper judgment. Accordingly, we overrule Lyons's two issues.

## Conclusion

Having overruled both of Lyons's issues, we affirm the trial court's judgment.

/s/ Elizabeth Kerr
ELIZABETH KERR
JUSTICE

Delivered: December 13, 2018